LOWRY *v.* STORY and others.

*(Circuit Court, W. D. North Carolina.* May Term, 1887.)

1. FEDERAL COURTS—ENFORCING PENALTY IMPOSED BY STATE STATUTE—MAR-SHAL.

The federal court has no power to enforce against the United States marshal a penalty imposed on a sheriff by Code N. C. § 2079, which provides that every sheriff shall execute all process, to him legally directed, within his county, and make due return thereof, under penalty of forfeiting $100 for neglect, where such process shall have been delivered to him 20 days before the sitting of the court, etc.

2. SAME.

A federal court has no power to execute the penal laws of a state by enforcing penalties against federal officers for neglect of special duties imposed by state statutes on county officers.

3. SAME—SERVICE OF PROCESS—CONFORMING TO STATE PRACTICE.

A rule adopted by the federal court regulating the method of serving its process, while the practice of serving process by the state courts remains uncertain, is binding on the United States marshal, and is not in conflict with Rev. St. U. S. § 914, which provides that the practice and mode of proceeding in civil actions, in the circuit and district courts, shall conform, as near as may be, to the practice and modes of proceeding in the courts of record of the state.

4. SAME—REJECTING PROVISION OF STATE LAW.

While the federal courts will conform their modes of procedure in civil actions, as near as may be, to the statutes of the state, they will reject any subordinate provision of the state statutes which in their judgment will unwisely incumber the administration of law, or tend to defeat the ends of justice in their tribunals.

Motion to Enforce a Penalty of $100 against David Settle, marshal, for not duly executing process.

*Moore & Cummings,* for the motion.

*R. M. Douglas,* for the Marshal.

DICK, J. The affidavit upon which this motion is founded alleges that a writ of summons was placed in the hands of the marshal more than 20 days before the term of the court to which the same was returnable, together with his lawful fees for service, and the writ was not executed. Notice of motion was accepted by the marshal, and in his answer he admits the allegations of the affidavit; but insists, by way of explanation and defense, that he was not furnished by the plaintiff with copies of the summons to be delivered to the several defendants residing in different and distant localities, in accordance with the course and practice of the court, and the fees for preparing such copies were not paid or tendered.

The counsel of the plaintiff, in their argument and brief, insists that the manifest purpose of section 914, Rev. St. U. S., was to bring about uniformity in the law of procedure in the federal and state courts in the same locality, and requires the federal courts, in all common-law actions, to conform their proceedings, as near as may be, to the laws of the state in which they are held, *any rule of court to the contrary notwithstanding.*

v.31F.no.13—49

*Nudd* v. *Burrows*, 91 U. S. 426. They further insist that rule 6 of the rules of practice of the United States circuit and district courts of North Carolina, adopted at June term, 1886, at Charlotte, is but a repetition of said statutory provision, except the words "*any rule of court to the contrary notwithstanding*" are omitted. They further insist that the service of a summons is one of the modes of proceeding contemplated in said statute and rule of court, and then, in support of their motion, they refer to section 2079, vol. 1, Code N. C., which provides that—

"Every sheriff * * * shall execute all writs and other process, to him legally issued and directed, within his county, * * * and make due return thereof, under the penalty of forfeiting one hundred dollars for such neglect, when such process shall be delivered to him twenty days before the sitting of the court to which the same is returnable, to be paid to the party aggrieved, by order of the court, upon motion and proof of such delivery," etc.

The motion before us is founded upon this law of the state imposing a penalty upon sheriffs who fail or neglect to execute process duly issued to and received by them. The motion cannot be allowed, as this court has no power to enforce against the marshal a penalty imposed by the law of this state upon a sheriff for neglect of duty. A federal court has no power to execute the penal laws of a state. *Gwin* v. *Breedlove*, 2 How. 29; affirmed in *Gwin* v. *Barton*, 6 How. 7.

When this motion was made, one of the counsel of the plaintiff said that, although the action was delayed by the failure of the marshal to execute the summons, there was no intention to collect the amount of the penalty, but the primary purpose of the motion is to settle by judicial decision a question of practice about which there is some diversity of opinion among the attorneys of the court. The decision of this question is not necessary in disposing of the pending motion, but I think that I can properly express an opinion upon the subject, in considering the force and effect of the law of this state, and the extent of the application of the rules of practice adopted by this court as to the mode of serving process by the marshal in this district. I fully recognize the duty of this court to conform its mode of procedure in civil actions, *as near as may be*, to the mode of procedure provided by laws of the state to regulate the practice of state courts of record.

The Code of Civil Procedure in this state was adopted in 1868, and under its provisions there were three methods of bringing into court a party defendant in a civil action,—one by the service of a summons by the sheriff delivering a copy of the same to the defendant personally, and leaving it with him; one by the written admission of the party; and the other by publication of the summons. *Bank* v. *Wilson*, 80 N. C. 200. In 1876–77 an act of the legislature of this state was passed, with the provision—

"That the summons shall be served, *in all cases where copies are now required by law to be delivered,* by the sheriff, or other officer, reading the same to the party or parties named as defendants; and such reading of the same shall be a legal and sufficient service of the summons without delivering a copy of the same."

This statutory provision was so general in its terms that it seemed designed to dispense with the service of copies of the summons in cases against *corporations, infants, and persons of unsound mind;* and to repeal, by implication, a carefully prepared statute passed at the previous session of the legislature. The legal profession in this state were generally of the opinion that such was not the intent of the legislature; and the Code of the state adopted in 1883, in section 214, modified the act of 1876–77 as follows:

"The summons shall be served in all cases, *except as hereinafter provided,* by the sheriff or other officer reading the same to the party or parties named as defendants; and such reading shall be a legal and sufficient service."

While the law of this state was in a condition of uncertainty, a question arose in some matter of controversy in this court as to the proper mode of serving process in civil actions; and at the October term, 1882, at Greensboro, the court adopted a rule for the purpose of securing uniformity in the service of process, which required the marshal, in all civil actions, to deliver a copy of the summons to each one of the defendants. This rule was not entered of record in the court at Asheville, but is established by the practice and procedure of the court, and was well understood by the marshal and his deputies. This rule is still in force, as it is not in violation of section 914, Rev. St. U. S., as it includes the state mode of procedure, and more effectually secures personal service on defendants, which was the purpose of the state law. It is not inconsistent with rule 6 of the rules of practice adopted by this court at Charlotte, and is therefore not repealed. Rule 38.

In *Indianapolis R. Co.* v. *Horst,* 93 U. S. 291, Mr. Justice SWAYNE, in referring to section 914, Rev. St. U. S., said:

"The conformity is required to be ' as near as may be,'—not as near as may be *possible,* or as near as may be *practicable.* This indefiniteness may have been suggested by a purpose. It devolved upon the judges to be affected the duty of construing and deciding, and gave them power to reject, as congress doubtless expected they would do, any subordinate provision in such state statutes which, in their judgment, would unwisely incumber the administration of the law, or tend to defeat the ends of justice, in their tribunals."

Under section 214 of the Code of the state, the reading of a summons to a defendant is "a legal and sufficient service," in certain cases, but the delivery of a copy of the summons is expressly required in actions against corporations, minors, and persons of unsound mind; and the acceptance of a summons by a defendant is still sufficient service to give jurisdiction to the courts of the state. The mode of service by reading the summons might save the plaintiff in an action the petty costs of a copy of the process; but service by the delivery of a copy to a defendant is more in accordance with the principles of justice, and the usual course and practice of courts of law and equity in hearing and determining the rights of parties, and it more effectually secures to a defendant all the benefits of personal service, as it furnishes him an authentic and definite notice of the commencement of the action, and the nature thereof, and tends to

prevent any mistake or surprise as to the time and place when and where he is required to appear and answer the complaint and make defense.

The reading of a summons by the sheriff may be a sufficient service in a state court, where actions are usually brought in the county in which defendants reside; but I think that service by the delivery of a copy is more just and appropriate in federal courts of more extensive territorial limits of jurisdiction, and where the times and places of holding court are not so well known and convenient to defendants. This motion is disallowed.