KEMP v. DETROIT HEATING & LIGHTING CO.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

No. 855.

PATENTS (§ 328*) — VALIDITY AND INFRINGEMENT — DEVICE FOR REGULATING QUALITY OF GAS.

The Frost and Middleditch patent, No. 577,739, for a device for regulating the quality of gas, was not anticipated and discloses patentable invention; also *held* infringed.

Appeal from the Circuit Court of the United States for the District of Maryland.

Suit in equity by the Detroit Heating & Lighting Company against Clarence M. Kemp. Decree for complainant, and defendant appeals. Affirmed.

George W. Rea (Meyers, Cushman & Rea, on the brief), for appellant.

Clarkson A. Collins (Louis Prevost Whitaker, on the brief), for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and BRAWLEY, District Judge.

PER CURIAM. Complainant below, appellee here, instituted this suit, charging an infringement of letters patent No. 577,739, granted February 23, 1897, for a device for regulating the quality of gas. The defendant below, appellant here, denied the infringement, and claimed that the letters patent No. 803,490, which had been granted to him and Charles E. Kemp, on the 31st day of October, 1905, were for a device radically different from anything lawfully described and claimed in the letters patent of complainant.

The case was duly matured for hearing, and submitted with the proofs and argument of counsel, on consideration of which the court entered a decree in favor of appellee, finding it to be the sole and exclusive owner of the letters patent No. 577,739, which were held to be good and valid in law. The court also found that said letters patent had been infringed by the appellant, by the manufacture, sale, and use of devices for regulating the quality of gas. By the decree then entered, the appellee was enjoined for the remainder of the term of the life of the letters patent No. 577,739, from further infringing the same, and from manufacturing, using, or selling the infringing devices referred to, which appellant had caused to be constructed as embodying the invention claimed by him under letters patent No. 803,490. The cause was by the said decree sent to a special master with directions to take, state, and report an account of damages and profits. From this decree the appeal now under consideration was sued out.

We reach the conclusion that Joseph H. Berry, the assignee of Edward J. Frost and Benjamin Middleditch, was justly entitled to the patent issued to him on the 23d day of February, 1897; and finding

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that he duly assigned to the complainant, who now owns the same, his entire right, title, and interest in and to the letters patent No. 577,739, including the right to recover such damages and profits as said Berry would be entitled to for any infringement of the same, and further finding that the defendant below has infringed said patent, it follows that we see no error in the decree complained of.

We think that the construction of the device in suit, described in letters patent No. 577,739, produced the result intended, and that it was new and clearly patentable. A discussion of the testimony of the experts who were examined as witnesses is not necessary, and we refer to it and the exhibits filed therewith as fully sustaining the main points contended for by appellee, those relating to the float and the valve.

Affirmed.