### DETROIT HEATING & LIGHTING CO. v. KEMP.

#### (Circuit Court, D. Maryland. October 27, 1910.)

PATENTS (§ 325*)—SUITS FOR INFRINGEMENT OF PATENT—PRINTING RECORD.
  Where there is an established practice in a district, adhered to for many years and well known, to have the record in contested patent causes printed to facilitate its consideration by the judge, and to tax the cost of such printing as a part of the costs in the cause, such practice has all the force of a rule of court.
  [Ed. Note.—For other cases, see Patents, Dec. Dig. § 325.*]

In Equity. Suit by the Detroit Heating & Lighting Company against Clarence M. Kemp. On motion to retax costs. Motion denied.

L. P. Whitaker and C. A. Collins, for complainant.

Geo. W. Rea (Meyers, Cushman & Rea, of counsel), for defendant.

MORRIS, District Judge. The complainant instituted this suit in equity upon patent 577,759, for an improvement in device for regulating the quality of gas. A decree was entered in favor of complainant, sustaining the patent, and awarding an injunction and an accounting and costs. The defendant appealed to the Circuit Court of Appeals for the Fourth Circuit, and the decree was affirmed, with costs. 175 Fed. 779, 99 C. C. A. 351.

The clerk of this court has taxed the costs in this court, allowing in favor of the complainant against the defendant, among others, the following items:

Printing of record.......................................... $231 60
100 blue prints............................................ 7 50
Copies of patent.......................................... 4 50

These items are all connected with the printing of the pleadings and the complainant's proofs and exhibits, which were printed for the convenience of the judge who heard the case in the Circuit Court, and were actually disbursed by the complainant. There is no criticism of the reasonableness of the amounts, provided they can be taxed at all as costs to be recovered by the complainant against the defendant.

It is urged by the defendant that nothing can be taxed as costs, except what is specifically authorized by an act of Congress or by a formal rule of the court. We are, however, satisfied that a settled practice, adhered to for many years and well known, constitutes a rule in a matter of this kind. There has hardly been a contested patent case brought to a hearing in this district for many years in which the record, or the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

material portions of it, has not been printed, so that the judge's labor of examination might be facilitated. In all such cases, where there was a reasonable necessity for the printing, the costs have been taxed in favor of the prevailing party. I think the taxation in this case is correct. Jordan v. Agawam Woolen Co., 3 Cliff. 239, Fed. Cas. No. 7,516; Tesla Electric Co. v. Scott (C. C.) 101 Fed. 524; Lowry v. Story (C. C.) 31 Fed. 769–771; Encyc. Pleading and Practice, vol. 18, § 1257; Fullerton v. Bank, 1 Pet. 604, 7 L. Ed. 280.

There is in this case another consideration which makes it only equitable that the printing should be taxed. The defendant appealed, and was obliged to pay for preparing the record to take the case up, and to pay the cost of printing the record in the Circuit Court of Appeals. He used the printing which the complainant had done in preparing the record and in preparing the 25 copies which were required to be furnished by him in the Circuit Court of Appeals, instead of having the record printed again at his expense in the Circuit Court of Appeals. This saving to the defendant amounted to nearly, if not quite, as much as he is now taxed for the printing which had already been done by the complainant.

Petition to retax denied.