Bonnell vs. Esterly.

## BONNELL VS. ESTERLY.

SURETIES, JUSTIFICATION OF: RULE OF COURT. RIGHT OF DEFENDANT TO CHANGE PLACE OF TRIAL. PRACTICE.

1. The statute (R. S., ch. 139, sec. 22, Tay. Stats., 1644,) permits the sureties in an appeal bond to justify before "*a* county judge," without specifying the county; and the justification in this case, though not made before the county judge of the county in which either the defendant or the sureties resided, nor that in which the action was pending, is *held* sufficient.

2. This court has power to establish a rule further defining the place where sureties shall justify, and it has now established the following rule:

RULE OF COURT: *Justification of Bail and of Sureties on Appeals*, &c. Whenever bail are required to justify, they shall justify within the county where the defendant shall have been arrested, or where the action is pending, or where the bail reside. This rule shall apply to the justification of sureties in an undertaking on appeal, or otherwise.

3. Defendant in an action commenced against him in a different county from that of his residence, on due application before issue joined and

before the time for answering has expired, has a right to have the place of trial changed to his own county; and a cross-motion by plaintiff to the court in which the action was commenced, to retain the cause for trial for the convenience of his witnesses, cannot properly be heard by such court, the nature of the issue and the evidence required being only matter of conjecture.

APPEAL from the Circuit Court for *Milwaukee* County.

Appeal from an order overruling defendant's motion to change the place of trial.

The opinion states the case.

*J. H. Page*, for appellant.

*J. J. Orton, contra.*

COLE, J. A motion was made to dismiss the appeal herein before the cause was reached for argument. That motion not having been decided, the cause was submitted in its order on the calendar, but without prejudice to the motion to dismiss. This motion, therefore, is the first matter we have to consider.

The ground of the motion is, that no proper undertaking has been executed and filed on the appeal. The specific and only objection taken to the undertaking is, that there was no proper justification of the sureties therein. The action was commenced in the circuit court of Milwaukee county, and the defendant and sureties reside at Whitewater, in Walworth county. The sufficiency of the sureties was excepted to by the plaintiff, and thereupon after due notice thereof, the sureties attended and justified before the county judge of Jefferson county. It is claimed by the counsel making the motion, that the justification before that officer was wholly unauthorized.

Our statute provides that a party may except to the sufficiency of the sureties in an undertaking on appeal, within ten days after notice of the appeal, and that "unless they or other sureties justify before a judge of the court below or a *county judge*, as prescribed for the justification of bail in case of arrest, the appeal shall be regarded as if no undertaking had been given. § 22, chap. 139, R. S., Taylor's Ed., p. 1643. It

will be seen that the language of the statute is quite general, and does not necessarily restrict the residence or localize the "county judge" before whom the sureties may justify. His residence is not clearly and expressly given. Is it the county judge of the county where the action is pending; or the county judge of the county where the defendant resides, or of the county where the sureties reside; or may the justification be made before any county judge in the State? It is said the words "*a county judge*" should be construed to mean the county judge of the county where the action is pending; or the county judge of the county where the defendant or sureties reside; and that unless this construction is placed upon the language, the party excepting to the sufficiency of sureties, might be required to attend the justification before a county judge in some distant part of the State. But as the statute now stands, it is quite indefinite and does not expressly fix the residence of the county judge before whom the justification may be made. The statute is substantially the same as the corresponding provision of the code of New York, § 341 Voorhees Annotated Code. But in that State the matter is regulated by a rule of court which requires the bail to justify within the county where the defendant shall have been arrested or where the bail reside. Rule 5 of Sup. Court; Voorhees Code, *supra.*, p. 696. And we think it is competent for this court in the same way to regulate the practice by rule, inasmuch as the statute does not itself prescribe the particular county judge before whom the sureties must go to justify. We shall therefore hold the justification in the present case sufficient, since the statute does not expressly determine the county judge with reference to his location, and adopt a rule to regulate the practice in future. The motion to dismiss the appeal is denied.

The appeal is from an order denying the defendant's motion to change the place of trial to Walworth county, where the defendant resided. Before the time for answering had expired, and before issue joined in the action, the defendant served

upon the plaintiff's attorney a demand in writing, that the place of trial should be changed to the proper county. The plaintiff not consenting to such change, application was made to the court. And on the hearing of the motion in court, the plaintiff, by way of cross-motion, moved the court to retain the cause for trial in Milwaukee county, on the ground that the convenience of his witnesses would be better served by retaining the cause for trial in that county, where the plaintiff resided, and where the principal transactions occurred, out of which the cause of action arose, and supported this motion by a number of affidavits. The defendant objected to the court's hearing the plaintiff's motion at that stage of the cause, and it seems to us it was irregular to do so. For, until the answer came in, it was impossible for the plaintiff to know what the defense would be, and what witnesses he would need. The statute gave the defendant the right to have the venue changed — section 6, chapter 123, R. S., Taylor's Ed., p. 1424 — and he made the necessary and proper demand therefor. Issue had not been joined, and it seems to us manifestly improper, in the condition the cause was in, for the court to go into inquiry, whether the convenience of witnesses required that the trial should be had in Milwaukee county. How the plaintiff could have known what witnesses he would want to sustain his action before the defendant answered, we cannot imagine. It is very true that the defendant himself introduced his own affidavit in opposition to the motion of the plaintiff, in which he stated, that he required a large number of witnesses to prove his defense, who were business men residing at Whitewater, and that the convenience of these witnesses and the ends of justice would be subserved by the trial of the cause in Walworth county, but still, the nature and character of the defense were not disclosed. But it seems to us, that this whole matter was improperly gone into at that stage of the cause, before the defendant answered, and before it could possibly be known what issues would be for trial in the action. At most, the plaintiff could only con-

jecture as to the nature of the defense and what facts he would be required to prove. He certainly could not know what witnesses he would want until the nature of the defense was disclosed. After the issues are joined, then if it should appear that the convenience of witnesses and ends of justice would be promoted by the trial of the cause in Milwaukee county, it could be sent to that county for trial. *Couillard* v. *Johnson*, 24 Wis., 533. But at this stage of the cause it was irregular to go into that inquiry. The statute above referred to gave defendant the right to have the place of trial changed on his demand, and stayed all proceedings in the action until his application was disposed of.

*By the Court.*—The order of the circuit court, refusing to change the place of trial, is reversed, and the cause is remanded with directions to grant the application.

### RULE ADOPTED.

Whenever bail are required to justify, they shall justify within the county where the defendant shall have been arrested, or where the action is pending, or where the bail reside. This rule shall also apply to the justification of sureties in an undertaking on appeal or otherwise.