## H. C. B. HAYS v. ED. CREARY ET AL.

(Case No. 4799.)

1. ARREST — DAMAGES.— Where a wrong person is arrested through mistake, all persons causing the arrest are liable for the injury, unless the party complaining has brought the arrest on himself by his own misstatements.
2. SAME.— A sheriff is liable for the wrongful acts of his deputy done in his official capacity.
3. SAME.— Where no malice is shown, the measure of damages against an officer for making arrest under process, through mistake, of one not named in the writ, is the value of time lost, the interruption of business and the bodily and mental suffering caused by the arrest.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

On December 2, 1881, appellant brought suit against Creary and his sureties on his official bond as sheriff, to recover $10,000 damages for false imprisonment, etc.

Appellees answered by general and special exceptions, and general denial. On the trial the special exceptions were sustained to the petition, but as the defects were cured by trial amendment that ruling will not be considered. The trial resulted in a verdict and judgment for appellees, from which this appeal was taken.

The only error assigned that is deemed material was: "The court should have set aside the verdict of the jury and granted appellant a new trial, because the said verdict was directly against all the evidence adduced in the case."

*J. M. Morphis* and *Carleton & Morris*, for appellant.

*Pendexier & Wooten*, for appellees.

WATTS, J. COM. APP.— This was an action to recover damages for false imprisonment. It appears from the record that appellant was arrested by a deputy sheriff of Travis county and confined in the county jail, by virtue of a *capias* issued by the clerk of the county court of Falls county, directed to the sheriff or any constable of Travis county, commanding the arrest, etc., of Scott Myans, on a charge of aggravated assault and battery. Appellant after remaining in jail about four days was released on *habeas corpus*. It very clearly appears from the evidence that he was not the person named in the writ. In fact it is not even pretended that he was the person whose arrest was therein commanded.

Though not asserted in the answer, it seems that the defense re-

lied upon was that the officers had arrested the wrong person through an honest mistake. While evidence of such mistake is admissible in mitigation of damages, and as disproving malice, ordinarily it is not a defense that will defeat the action.

The true doctrine is thus stated in Wait's Actions and Defenses, vol. 3, p. 316: "In case a wrong person is arrested through mistake, all persons causing the arrest are liable for the injury, unless the party complaining has brought the injury upon himself by his own misstatements and misrepresentations. Thus, if there was legal ground for arresting A., and B. represents himself to be A., and is arrested in consequence of that representation, he has obviously no valid ground for complaining of the imprisonment which naturally resulted from his own act. But after he has given notice that he is not the person he represented himself to be, he cannot lawfully be detained for a greater length of time than may be reasonably necessary to ascertain which of the several statements he has made is in accordance with the truth."

At and before the arrest appellant protested that his name was not Scott Myans, and that he was not the person for whom the writ was issued. The officer who made the arrest says that he "went to the Avenue Hotel and inquired of Captain John Stringer for Hays, who denied that he was there, but Taylor Stringer said he was there. I saw him; his finger was crooked; he told me he had lived in Falls county and had been there about two months ago; had a fight there but had settled it." He further testified that he arrested Hays and confined him in jail by virtue of the *capias*.

While these statements of the officer might be considered in mitigation of damages, they would not constitute a defense to the action. And especially is this true when this evidence is considered in connection with the uncontradicted statements of the other witnesses.

Our statute provides that "Sheriffs shall be responsible for the official acts of their deputies, and they shall have power to require from their deputies bond and security; and they shall have the same remedies against their deputies and sureties as any person can have against a sheriff and his sureties." R. S., art. 4521.

Whatever doubt may exist as to whether the sheriff is or not liable for the malicious acts of his deputies done in the course of official duty, as there is no malice shown in this case, that question need not be determined; it hardly admits of doubt but that the sheriff is liable for the wrongful acts of the deputy done in the discharge of official duty. Besides, it appears from the uncontradicted statements

of the appellant, that the sheriff himself examined him and recommitted him to jail.

In a case like this, where no malice is shown, the measure of damages would be the value of time lost, the interruption of business, and the suffering, bodily and mental, which the act may have occasioned. Bonesteel v. Bonesteel, 30 Wis., 511; Clark v. Newsam, 1 Exch., 131; Parsons v. Harper, 16 Gratt. (Va.), 64.

Our conclusion is that the verdict is against the evidence, and the court erred in refusing to grant a new trial.

The judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved November 27, 1883.]