## J. M. FORMWALT ET AL. V. E. HYLTON.

(Case No. 5807.)

1. EVIDENCE—See opinion for evidence held inadmissible.
2. FALSE IMPRISONMENT—MISTAKE—EVIDENCE—In a suit for false imprisonment, mistake as to the identity of the party arrested may be considered in mitigation of damages and on the question of malice, but it does not justify the false imprisonment, unless the mistake was caused or contributed to by the plaintiff's words or acts. (Hays v. Creary, 60 Tex., 445, followed, and other cases reviewed.)

APPEAL from Nolan.   Tried below before the Hon. Wm. Kennedy.

This suit was instituted in the district court of Nolan county, September 17, 1884, by appellee against J. M. Formwalt, Geo. W. Baylor, Garland Odom and T. L. Odom for $10,000 damages, claimed to have been sustained by appellee by reason of a wrongful arrest and false imprisonment.   On January 27, 1885, appellee filed his second original amended petition, in which he set up his cause of action more particularly, and claimed $10,000 actual and $10,000 exemplary damages. He alleged, in substance, that appellee resided in Nolan county, Texas, and had resided there for several years, and that on May 5, 1884, defendants, J. M. Formwalt, Garland Odom and George W. Baylor, acting under the advice, and at the solicitation and direction of defendant, T. L. Odom, came to the home of plaintiff with a number of armed men, about the hour of day-break, and made plaintiff let them into his residence, when they broke open house, trunks and cursed and abused plaintiff in the presence of his family, and finally arrested him and carried him away from his home, and held him under confinement for twelve hours.   That they held no warrant or *capias* for the arrest of plaintiff, and acted maliciously in all that was done in the premises.

Defendants, in their first amended original answer, pleaded general demurrer and special exception (on none of which are any errors assigned); also general denial, and, specially, that on May 5, 1884, defendant, Formwalt, was the sheriff of Runnels county, Texas, and that defendant, George W. Baylor, was a captain in the frontier battalion, and was a commissioned officer in that force, and on that day was, by order of the governor and adjutant-general of the state, in command of the entire military force of the state of Texas; and that defendants, Formwalt and Odom, were acting under his orders in the execution of certain process held by them, directing the arrest of certain parties; that none of them were acting under the direction or advice of defendant, T. L. Odom, but were acting within the scope of their duties as peace officers; that on May 5, 1884, there was existing in Nolan and surrounding counties an organization known as fence-cutters, who were engaged in lawless acts, and in cutting and destroying fences; that the organization had books, officers, etc., with headquarters in the house of plaintiff, or near the same, but that all the proceedings were secret, and the exact locality could not be discovered.

That plaintiff was suspected of being a member, and was engaged in manufacturing tools and "nippers" for the use of these lawless characters; that the parties had been cutting and destroying the fences of

Opinion of the court.

defendants, T. L. Odom and Garland Odom, and had defied the civil authorities, and threatened to kill any one who should attempt their arrest; that on May —, 1884, Hon. T. B. Wheeler, judge of the twelfth judicial district, upon complaint, in writing, duly sworn to and filed before him, issued warrants for the arrest of about twenty of these parties, among whom were two sons of plaintiff, to-wit: Dow and Riley Hylton, one of whom resided at the house of plaintiff; that the warrants were placed in the hands of defendant, George W. Baylor, and other parties, for execution; that they had no warrant for the arrest of plaintiff, but arrested him through mistake for one of his sons, which arrest was caused by his own wrongful acts, which were set forth in the answer; that it was also necessary to arrest him to keep him from notifying other parties for whom defendants held warrants, and thereby enabling them to escape; that as soon as the mistake was discovered plaintiff was released, and while under arrest he was well treated; that his sons were guilty, which was known to plaintiff, yet he still harbored and counseled them, and rendered them assistance.

The cause was tried November 11, 1885, and resulted in a judgment in favor of plaintiff against defendants, J. M. Formwalt, Garland Odom and George W. Baylor for $200 actual damages and $300 exemplary damages.

*Spoonts & Legett*, for appellants, cited: Holly *v.* Mix, 3 Wend., 350; Rohan *v.* Sawin, 5 Cush., 281; Mitchell, *v.* Wall, 111 Mass., 498; Leddy *v.* Crossman, 108 Mass., 237; 1 Hilliard on Torts, pp. 222, 231, sec. 22, note *a*, secs. 23, 24.

*Boone & Scarborough*, for appellee, cited: Bill of Rights, secs. 9, 19; Code Crim. Prac., title 5, ch. 1; 3 Tex. Ct. App., 105, 204; 5 Tex. Ct. App., 60; 6 Tex. Ct. App., 452; 14 Tex. Ct. App., 138; 8 Tex. Ct. App., 361; 60 Tex., 207, 445.

ROBERTSON, ASSOCIATE JUSTICE. —The plaintiff himself testified that he had been indicted for theft of cattle in Nolan county. This is all the indictment against him, if admitted, could have proved. He also testified that Warren was a witness against him, and that he had been killed. That his son-in-law was indicted for the murder of Warren cast no just suspicion upon the plaintiff. The plaintiff recovered no damages for injuries done to his character, and if these indictments could have been used on that score, no harm was done by their exclusion.

The other indictment against the sons and neighbors of the plaintiff

for fence cutting was offered as a circumstance justifying suspicion against plaintiff, and an apprehension that he would use his liberty to prevent the arrest of parties for whom defendants had process, and also to prove that plaintiff had been mistaken for one of his sons.

There is no pretence in the evidence that plaintiff was arrested on any suspicion against him, or apprehension that he would warn others, and give them an opportunity to escape. The indictment itself would make no such proof, and there was no other proof to be aided by it. It cannot be possible that this indictment would tend in any degree to show that plaintiff was mistaken for one of his sons. It had not been presented when plaintiff was arrested, and it was proved that the defendants had warrants for plaintiff's sons at the time of plaintiff's arrest.

The only pretence of excuse for the arrest of plaintiff is found in the conversation between one of the witnesses and Colonel Baylor, from which it seems that Colonel Baylor supposed that plaintiff was either Riley or Dow Hylton. Colonel Baylor did not testify to any such mistake, but it is only a matter of inference from the hearsay testimony admitted upon the trial. If such a mistake would justify the arrest, it could hardly be held that there was before the court any evidence requiring that law to be given in charge to the jury.

The court informed the jury that such mistake could be considered in mitigation of damages, and on the question of malice, but that it would not justify the imprisonment, unless the mistake was caused or contributed to by the plaintiff's words or acts. This is a correct statement of the law as laid down by this court in the case of Hays v. Creary, 60 Tex., 445. Appellant's counsel challenge the doctrine announced in that case, but the cases cited do not support their views. In Holley v. Mix, 3 Wend., 350, there was no mistake of one person for another, and the party arrested, it was claimed, was suspected to be guilty of a crime known to have been committed. In the case before this court no person engaged in the arrest of the plaintiff is shown to have entertained any suspicion whatsoever against him.

In Rohan v. Sawin, 5 Cush., 281, there was no mistake; the person imprisoned was supposed by the officer, upon reasonable grounds, to be guilty of a crime. Mitchell v. Wall, 111 Mass., 493, was a suit against the instigator of the prosecution in which the plaintiff was imprisoned; malice and want of probable cause had to be averred; the defendant admitted that he had prosecuted the wrong person, but claimed that he honestly mistook the plaintiff for the guilty party, there being between them a strong resemblance. The suit was in effect for malicious prosecution, and of course the plaintiff had to allege and prove malice and want

of probable cause. In this case, the plaintiff was not prosecuted at all; he was not suspected of any offense; he was arrested without warrant, without a suspicion against him. In Leddy v. Crossman, 108 Mass., 237, the plaintiff was arrested in the actual commission of an offense; he was assaulting the officer whom he sued for damages. The citation in 1 Hilliard on Torts., p. 217, sec. 22, note *a*, has reference to the class of cases of which Mitchell v. Wall, *supra*, is an example. The distinction between those cases and the one now before the court is pointed out by that author on pages 414 and 415 of the same volume. In the one case there is a trespass, no matter how innocently the parties acted in arresting the wrong person; in the other the arrest is not a trespass, no matter how malicious and groundless the prosecution in its beginning. If an execution against A. is levied upon the goods of B., the officer is a trespasser. If a warrant against A. is executed by the arrest of B., the officer is a trespasser. If a crime has been committed, and there is ground for suspecting A., these suspicions cannot justify the imprisonment of B.

The doctrine of Hays v. Creary is supported by Wait, cited in the opinion, who cites Addison on Torts, 579, and also by Waterman on Trespass, secs. 339, 352, and by sound legal principles.

There is no assignment questioning the sufficiency of the evidence to sustain the verdict. The case was fairly presented in the charge, and the record discloses no error. The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 21, 1886.]