HOLMES v. BLYLER *et al.*

80  365
102  417
80  365
118  527

1.  False Imprisonment:  MISTAKE OF IDENTITY AS JUSTIFICATION. Defendant, a constable, having a warrant for M., arrested plaintiff, supposing that he was M. In an action for false imprisonment, wherein plaintiff sought to recover only compensatory damages, *held* that evidence offered by defendant to show that he believed plaintiff was the person named in the warrant, and that he

answered to the description of M. as given to him by others, was properly rejected, since the good faith of the officer in such a case will not exempt him from liability for actual damages. ( See opinion for citations.)

2. ——— : PERSON NOT NAMED IN WARRANT : OTHER JUSTIFICATION. In such case, since the arrest was made in reliance upon the authority of the warrant, and no other pretense was made in the answer, *held* that the court properly excluded evidence tending to show that defendant was authorized, under section 4200 of the Code, in making the arrest without a warrant.

*Appeal from Polk District Court.*—Hon. W. F Conrad, Judge

FILED, MAY 31, 1890.

Action to recover damages for false imprisonment. There was a trial by jury, and a verdict and judgment in favor of plaintiff. The defendants appeal.

*Stephen F. Balliet*, for appellants.

*Chamberlain & Stewart*, for appellee.

Robinson, J.—The defendant Blyler was a constable of Lee township in Polk county during the years 1887 and 1888, and defendant Eggleston was one of the sureties on his official bond. On the twentieth day of April, 1887, Blyler, acting as constable, arrested plaintiff in Dubuque, caused him to be confined in the Dubuque jail for several hours, carried him from the jail to the railway train, handcuffed him, and thence took him to Des Moines, where plaintiff was discharged without a hearing. When the arrest was made Blyler had in his possession for service a warrant, duly issued by a justice of the peace in Polk county, directing the arrest of one Julian Martin, and defendants claim that all the acts of which plaintiff complains were done by Blyler in good faith, and under the honest belief that plaintiff was Martin, and that as soon as the mistake was discovered plaintiff was released. On the trial plaintiff waived all claim against defendants except for compensatory damages.

Holmes v. Blyler.

I.	Appellants complain of the refusal of the court to allow them to show that Blyler believed plaintiff was

*1. FALSE imprisonment: mistake of identity as justification.* the person named in the warrant at the time of the arrest, and that plaintiff answered, substantially, to the description of Martin given by those who knew him. It is well settled that ministerial officers or sheriffs and constables act at their peril in serving judicial process, and that they cannot justify an abuse of process by showing that they acted in good faith, excepting in mitigation of damages. Murfree, Sher., secs. 155, 925 ; Bish. Non-Cont. Law, secs. 209–213 ; Cooley, Torts, 461 ; 1 Add. Torts, 151 ; 2 Thomp. Neg. 825 ; Field, Dam., sec. 680 ; *Hays v. Creary,* 60 Tex. 445. The plaintiff had waived claims for all but actual damages. He was entitled to recover those for the reason that his arrest was wholly unauthorized by the warrant, and the good faith of the officer would not exempt him from liability for the actual damages caused by his unauthorized act. 3 Suth. Dam. 732 ; 7 Am. & Eng. Cyclop. Law, 690.

II.	The appellants contend that the rejected evidence would have tended to show that Blyler was

*2. ——: person not named in warrant: other justification.* justified in arresting plaintiff without a warrant. But Blyler does not pretend that he acted under any provision of law which authorized such an arrest. Section 4200 of the Code authorizes a peace-officer to make an arrest without a warrant "when a public offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." In this case, however, the officer was acting, as he claimed, by virtue of the warrant which he held for the arrest of Martin. No claim to the contrary is made by his answer, nor by the evidence. That he might have made the arrest by authority other than that under which he claimed to act is wholly immaterial.

III.	The conclusions we have reached make a determination of other questions discussed by counsel unnecessary. The judgment of the district court is

AFFIRMED.