LEONIDAS E. VICE *v.* EDWARD HOLLEY.

[41 South. Rep., 7.]

1. FALSE IMPRISONMENT. *Arrest without warrant. Mistake in person.*

   An officer is liable for a false imprisonment who, erroneously supposing a person to be wanted for crime, arrests him, without warrant, and places him in jail against his protest.

2. SAME.

   If an officer, intending to arrest one person, arrest another, he does so at his peril, and is liable therefor, where the party arrested did or said nothing to induce the arrest.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Vice, the appellant, was plaintiff in the court below; Holley, the appellee, was defendant there.    The suit was for false imprisonment.    From a judgment in defendant's favor the plaintiff apealed to the supreme court.

On February 9, 1904, the appellant was on a passenger train on his way to New Orleans.    After passing Pass Christian, the appellee, who was marshal of that town, and had boarded the train at that point, approached plaintiff and asked if he had not been in Pass Christian the week before, to which he answered in the negative.    Appellee in no other manner molested appellant until he reached New Orleans, when, aided by a policeman of that city, he arrested the appellant, telling him that he was wanted in Pass Christian on a charge of grand larceny, and that his name was Kelly.    Appellant offered to give names of persons who could identify him, but the request was denied.    He was taken to the police station, where his description was compared with the description of Kelly, who was wanted in Pass Christian on a charge of grand larceny, and he was thereafter placed in jail in New Orleans and so kept until the next day, when he was

taken to Pass Christian and there placed in jail, though protest-
ing his innocence of any crime and offering to secure witnesses
by telephone who could identify him.    On February 11, 1904,
he was discharged.    The court below gave a peremptory instruc-
tion for the defendant.

*Harper & Harper,* for appellant.

The appellee had no authority to interfere with the liberty of
this appellant in the state of Louisiana, even with the aid of a
New Orleans policeman, nor did he have authority to bring
appellant back into the state of Mississippi and incarcerate him
in the jail at Pass Christian.    The ruling of the trial court is
erroneous.    It undertook to establish a new rule of law in direct
opposition to the constitution.

By the common law, a warrant for the arrest of a person
charged with crime must truly name him or describe him suffi-
cient to identify him.    If he does not, the officer making the
arrest is liable to an action for false imprisonment; and if in
attempting to make the arrest the officer is killed, this is only
manslaughter in the person whose liberty is invaded.

*John J. Curtis,* for appellee.

At the outset it will be admitted, as contended by counsel for
appellant in his brief, that as a general rule a warrant must be
specific and correctly name the person to be arrested, giving his
Christian name, or if his name is unknown, it must so state and
must describe him so that he may be identified; but it has been
held, however, that under statutes allowing amendments in crim-
inal proceedings and process, where a person has been arrested
under a complaint and warrant giving a wrong name, they may
be amended so as to give his name correctly.    12 Cyc., 300, title,
"C-Name and Description of Accused," and note 35, title
"Amendment" and "Idem Sonans."

And it may be suggested that sec. 1435 of our code of 1892
permits certain amendments to be made of that kind.

A plaintiff in an action for false imprisonment may be unable to recover damages because of his own conduct by waiving his rights, or by so conducting himself as to be estopped from seeking judgment for an unlawful detention.    There can be no recovery of damages by any person who in any way causes or consents to his own arrest or who acquiesces in its irregularities.    19 Cyc., p. 338 ; *Williamson* v. *Wilcox*, 63 Miss., 335.

Mayes, J., delivered the opinion of the court.

It was error in the circuit judge to give a peremptory instruction to find for defendant.    At the time the arrest is said to have been made, Holley had no warrant for the arrest of Vice, and his incarceration was in another state from that in which the offense was charged to have been committed.    Kelly was the man charged with crime at Pass Christian, Miss., and not Vice.    Vice was locked up in jail in New Orleans one day, and again in Pass Christian for about twenty-four hours, protesting, as he says, all the while that he was not the man wanted, and giving the officer the names of various parties from whom he might ascertain his mistake ; but no attention seems to have been paid to it by Holley. Any officer, in making an arrest, acts at his own peril, and if he makes a mistake, and arrests the wrong person, however innocently he may have acted, he is liable, unless the party complaining has brought the injury upon himself by misstatements and misrepresentations which led to the arrest. If Vice voluntarily went to the police station and submitted to have himself locked up until the next morning to await the return of Holley to Pass Christian, and then voluntarily went with the officer to Pass Christian and again submitted voluntarily to being locked up for twenty-four hours, without any compulsion being used, either actual or constructive, knowing at the time his right to refuse, then Holley is not liable ; but it was for the jury to pass on the facts, and to say whether or not this was the case.

This is not a suit for malicious prosecution.    This is a suit for false arrest of a party without warrant, beyond the jurisdiction

of the state, by an officer of the state—a person not charged with crime nor suspected of any offense.    In a suit for false imprisonment, mistake as to identity of the party arrested may be considered in mitigation of damages and on the question of malice; but it can never defeat the action.    *Hays* v. *Creary,* 60 Texas, 445; *Formwalt* v. *Hylton,* 66 Texas, 288 (1 S. W. Rep., 376); *Landrum* v. *Wells* (Texas Civ. App.), 26 S. W. Rep., 1001; 12 Ency. of Law (2d ed.), 768; 19 Cyc., 342; 3 Wait's Action and Defenses, 316.

*Reversed and remanded.*