STATE FOR THE USE, *etc.*, DICK VANDEVENDER *v.* ROBERT CUNNINGHAM, *et al.*

(CC. 463)

Submitted January 11, 1933.  Decided January 17, 1933.

*E. L. Maxwell*, for plaintiff.
*Leroy See* and *C. O. Strieby*, for defendants.

WOODS, JUDGE:

This is an action against a constable and the sureties on his official bond to recover damages for personal injuries inflicted by, or at the instance of, such constable, in an endeavor to effect an arrest under a misdemeanor warrant. The plaintiff, who was near the home of the misdemeanant named in the warrant, upon the approach of the constable and his posse, started to run from them, and, being mistaken for the misdemeanant, was pursued. During the pursuit several shots were fired, one of the balls entering plaintiff's leg, by reason of which injury he claims to be permanently disabled. The condition of the bond was that Cunningham should faithfully discharge the duties of the office of constable, etc.; and, by virtue of Code 1931, 61-7-5, subjects the contracting parties to liability for all injuries inflicted by the constable's unlawful or careless use of a pistol or revolver. *Hatfield, Sheriff, ex rel. Justice v. Wyatt, et al.,* 99 W. Va. 604, 130 S. E. 129.

The first count of the declaration charges that the constable shot and injured the plaintiff. The second, that the shot was fired by the constable, or by one of the several persons, whom he had deputized to assist him in making the arrest; that the constable armed said deputies; and that "he called to the said parties he had summoned to assist him in executing said warrant that, 'he is coming down the hollow, charge in and shoot him'."

A demurrer to the first count was overruled, while the demurrer to the second was sustained. The action of the trial court in regard to the second count is certified here for decision.

It is contended on behalf of the demurrants that although the sureties are answerable for any damage due to the "unlawful or careless" use of a pistol in the hands of a con-

stable, as set up in the first count, that such condition does not apply to his deputies; and, further, that the action of the constable and deputies was not under color of office, since they did not have a warrant for the plaintiff's arrest. Citing *State* v. *Mankins,* 68 W. Va. 772, 70 S. E. 764.

This case differs from the Mankins case in that there was no warrant of any description in the latter, whereas the constable in the instant case was acting under a warrant for one Ressie Tingler. The principle seems to be quite uniformly adopted by the courts that where, in endeavoring to effect the arrest of one person an officer, acting under writ, mistakes another for the person wanted, and arrests him, or in the attempt to make the arrest injures or kills him, such action constitutes a breach of the official bond. 24 R. C. L. 968, 969; *Johnson* v. *Williams,* 23 Ky. Law Rep. 658; *Huffman* v. *Kopplekom,* 8 Nebr. 344: *Kopplekom* v. *Huffman,* 12 Nebr. 95; *West* v. *Cabell,* 153 U. S. 78.

Under the foregoing rule, the plaintiff has a right to go against the constable and his sureties for damages sustained at the hands of the constable, regardless of the provision of Code 1931, 61-7-5, heretofore referred to. But are they answerable for the acts of the three deputies? The right of a constable to call on other parties to assist him in making arrests seems to be well settled, since Code 1931, 61-5-14, makes it a misdemeanor to refuse or neglect to assist on "being required by any sheriff or other officer" in the execution of his office in a criminal case, or preservation of the peace. Whether the assistants were lawfully or unlawfully armed by the constable does not enter into the issue here. The men were acting under the direction of the constable. The latter was attempting to make an arrest under a valid warrant. The fact that he went too far in his endeavor to take the supposed misdemeanant and directed the men to shoot does not necessarily make the act without *colore· officii.* While the shooting was wrongful, it was not malicious or extra-official so as to relieve the defendants from liability.

The ruling of the circuit court on the second count will be reversed, and the demurrer overruled.

*Ruling reversed; demurrer overruled.*