### KEETER v. DAVIS et al.
### No. 12773.

Court of Civil Appeals of Texas. Fort Worth.

March 4, 1933.

Rehearing Denied April 15, 1933.

Claude Spratling, of Fort Worth, for appellant.

Simpson & Brewster and Otis Rogers, all of Fort Worth, for appellees.

LATTIMORE, Justice.

Joy G. Keeter and E. B. Keeter purchased on deferred payments an automobile. The

payments being in arrears the holder of the note repossessed the car by virtue of his mortgage, and found the same had been stripped of its wheels, tires, and all other removable and salable equipment. Suit to recover same was instituted with sequestration and the citations and writ were placed in the hands of Deputy Sheriff Malcolm Davis to be served upon Joy G. Keeter and E. B. Keeter who, though adults, lived with their father, the appellant.

Repeated efforts to serve these citations were unavailing for three months, the defendants having gone to California. Thereafter alias citations were issued and also placed with Davis for service. Davis went to the home of appellant. He was not acquainted with any of the Keeters. It was at night; the house was dark. He knocked; a man's voice asked what he wanted. Davis replied, "To see Mr. Keeter." The voice shouted several times, "Papa"; a man came to the door and asked what was wanted. Davis said: "I want to see Mr. Joy G. Keeter." Appellant said, "That's me," and Davis replied that it must be appellant's son that was sought as he had been informed the defendant was a young man. Thereupon appellant asked what he wanted. Davis showed him the citation, and appellant told him the defendant was not at home. Davis thereupon asked for E. B. Keeter, and a young man afterwards identified as E. B. Keeter stuck his head out of a door and said, "I don't live here." Davis thereupon asked permission to come in and serve E. B. and Joy G. Keeter, Jr., if they could be found there. Appellant replied that he (Davis) could not come in, that the suit would get his boys in trouble, and that he was not ever going to let them be served if he could prevent it. One word led to another until the appellant closed and locked the door in Davis' face. Davis, the next morning, filed a complaint against "Joy G. Keeter, Sr.," for interfering with service of civil process and procured a warrant for his arrest and that afternoon again went to appellant's home and found him outside the house. Davis reminded appellant that he had not kept his word concerning E. B. and Joy, Jr., to "arrange" for them to be served, and arrested appellant and locked him in jail, whence he was released on a bail bond. Joy and E. B. Keeter appeared at the courthouse and agreed to accept service if the case against their father was dropped, and it was so arranged.

Appellant, whose real name was Julius G. Keeter, sues Davis and the sheriff and his bondsmen for false imprisonment, seeking both actual and exemplary damages, and on a trial the jury found for Davis and others, being, in substance, that appellant was unlawfully interfering with the service of civil process and that appellant's conduct caused Davis to believe that appellant's name was Joy G. Keeter, Sr., and that appellant suffered no damages. The above statement of facts is made from appellee's case in view of the verdict.

■ The offense committed is classified as one against justice (title 8, art. 336, Penal Code) and apparently is not an offense against the public peace which would justify an arrest without a warrant if committed in the presence of an officer. Article 212, Code Cr. Proc. Appellant having told the officer he was Joy G. Keeter, the arrest was not a basis for damages for false imprisonment for two reasons: There is no law which prevents a person from changing his name (although there are some limitations not involved in this case upon the name he may not assume). Thus if appellant assumed the name under which he was arrested he may not protest the result of such assumption; nor, if such was not his purpose, and it be that he spoke fraudulently, or even inadvertently, and the officer believed him and relied on his statement and acted thereon. This latter reason is stated in Hays v. Creary, 60 Tex. 445; Formwalt v. Hylton, 66 Tex. 288, 1 S. W. 376. We do not wish to be understood as holding that reliance is essential in every case, but the facts of this case do not require any further holding.

Appellant was the actual person whose arrest was intended and the very person whom the arresting officer knew to be the one who had committed the offense. This distinguishes from West v. Cabell, 153 U. S. 78, 14 S. Ct. 752, 38 L. Ed. 643. If, on a trial of this appellant for the offense, defendant had suggested that his true name was not that name given in the complaint, the trial judge should not dismiss him as being wrongfully arrested, but should order the complaint amended so as to declare his true name and proceed with the trial. C. C. P. art. 496. Appellant in this case suggests his true name, which, if he had done so in the criminal case, would not have proven him to have been falsely imprisoned, and desires the civil court to declare thereby the proceeding ipso facto a false imprisonment, thus giving the proceedings, valid in the criminal courts, invalidity in the civil courts.

■ Appellant introduced in evidence the citation sought to be served by appellee on the occasion of the latter's visit to appellant's home and here complains that appellee was allowed to produce the testimony of the plaintiff in that suit and his attorney as to what the facts were upon which the suit was brought. There was a sharp issue made before the jury as to whether appellant interfered with the appellee in serving the process, and this evidence was admitted by the trial court on the theory that same went to show why the appellant was so anxious to defeat the service of process, i. e., that service might get his boys "in trouble." It is not necessary for us to pass on the propriety of that action.

If error, it was harmless, being no more than a detail of that which the appellant himself had put in evidence in the citation.

We have examined all assignments of error, and they are overruled.