STATE OF WEST VIRGINIA *ex rel.* WOODROW RATLIFF
*v.* M. M. DAY, JR., *et al.*

(No. 8768)

Submitted September 7, 1938. Decided September 13, 1938.

*J. N. Harman, Jr., M. O. Litz* and *J. W. St. Clair,* for plaintiff in error.

*Hartley Sanders,* for defendants in error.

HATCHER, JUDGE:

This case involves the right of an officer, attempting an arrest, to wound an innocent person whom the officer mistakenly believes to be a fleeing felon. Plaintiff was such person, was wounded under such circumstances by defendant Day, a constable, and was awarded a verdict of $1700.00 against Day on his official bond. The trial court set aside the verdict.

A felony had been committed, at night, and the felon had fled. About 1 A. M. the same night, and within one-half mile from where the felony was committed, Day saw plaintiff, by means of an automobile spotlight, leave a railroad track and run toward a mountain side. Day testified that he called halt, and believing that plaintiff was the felon and was about to escape, fired his pistol with intent not to wound but to scare the fleeing person into stopping. The pistol bullet passed through the muscles of plaintiff's thigh. The jury was instructed that if Day had reasonable grounds for believing that plaintiff was the felon and that it was necessary to shoot in order to prevent an escape, Day's belief should be considered in extenuation; but an instruction was refused that such

belief would require a verdict for defendants. This refusal was the main reason of the trial court for setting aside the verdict.

The defendants take this position. "Where a felony has actually been committed * * * an officer, either with or without a warrant, is justified in killing one under reasonable circumstances suspected of being a felon, whether he be guilty or innocent, where the suspected one flies when his arrest is attempted, * * * where there is no other reasonably apparent way of preventing the escape." Without passing on this position as a legal abstraction, we are of opinion that the position is not well taken here, since the question here is mistaken identity. On that, we are committed as follows: "The principle seems to be quite uniformly adopted by the courts that where, in endeavoring to effect the arrest of one person, an officer * * * mistakes another for the person wanted and arrests him, or in the attempt to make the arrest injures or kills him, such action constitutes a breach of the official bond." State v. Cunningham, 113 W. Va. 244, 246, 167 S. E. 595. Defendants would wave aside this holding on the ground that Cunningham was attempting to arrest for a misdemeanor. The principle stated, however, does not admit of this distinction. The mistake of the officer is the same, and the injury to the innocent person by the officer is the same, whether such person is a supposed misdemeanant or a supposed felon. Accordant authorities are: Addison on Torts (6th Ed.), 153; 3 Wait, Actions and Defenses, 316; Bishop, Non-Contract Law, sec. 213; Pollock on Torts (Webb), 143; 12 Am. and Eng. Ency. Law, 768; Annotation 51 L. R. A. 219; Annotation 91 Am. St. Rep. 540; 4 Am. Jur., Arrest, sec. 118; Hays v. Creary, 60 Tex. 445; Vice v. Holley, 88 Miss. 572, 41 So. 7; Holmes v. Blyler, 80 Iowa 365, 45 N. W. 756; Johnson v. Williams, 111 Ky. 289, 63 S. W. 759, 54 L. R. A. 220, 98 Am. St. Rep. 416. We cannot appraise the capture of a supposed felon above the preservation of the innocent. We are of opinion that the instruction in question was properly refused.

The trial court was also of opinion that the award of the jury was excessive. The wound was not dangerous and plaintiff was expected professionally to recover entirely from its effect. But it was painful and disabling, and had continued so to the date of the trial, three months after the wound was inflicted. We have held in many cases that it was the province of the jury to estimate the compensation for human suffering and disability, and that such estimate would not be disturbed unless indicative of prejudice or passion. We do not discern such indication in this award.

The judgment of the circuit court is reversed, the verdict of the jury reinstated, and such judgment for plaintiff as the circuit court should have entered, is rendered here.

*Reversed and rendered.*