### Ross *v.* State.

(Division B.   June 5, 1939.)

[189 So. 526.   No. 33611.]

Hilton, Berry & Kendall, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGehee, J.,** delivered the opinion of the court.

The appellant, Barney Ross, and his son, Homer Ross, were jointly indicted for the unlawful possession of intoxicating liquor. Homer Ross entered a plea of guilty, and then claimed that the whiskey which was found on the premises of his father, Barney Ross, pursuant to the execution of a lawful search warrant, had been carried there by him on the night before the search. He claimed that he found all of the whiskey at about 11 o'clock P. M. at a distance of approximately fifteen feet from highway No. 49 while walking along the highway near the Town of D'Lo.

It is contended by the appellant that the mere fact that the whiskey was found on his premises on the next morning was insufficient to establish the charge against him. The proof further discloses, however, that when the officers arrested both the appellant and Homer Ross and asked the appellant whether "that was Fred Grantham's liquor," he said, "No, it is my liquor, and if I ever get out of this I never intend to sell any more liquor." This statement made by the appellant in response to the

question of the sheriff, or to a question asked by the deputy, coupled with the circumstance that the whiskey was found on the premises of the appellant constituted a sufficient and abundant reason for submitting the case to the jury. Neither was the jury bound to accept as true the claim of the son that he alone was guilty of the crime; and especially in view of his story as to how he came into possession of the whiskey in question.

Affirmed.