MARTIN v. STATE.

(In Banc. May 12, 1941.)

[2 So. (2d) 143. No. 34427.]

W. O. Lawrence, of Bruce, for appellant.

**A. M. Byrd,** Assistant Attorney General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellant was charged with complicity in the sale of beer in Calhoun County, where the sale thereof has been legally outlawed. He operates a cafe in Calhoun City in a building fronting on the courthouse square, and in the front room of which the customers of the restaurant are served. From this room, there is an opening into a back room but where there is no door. On different occasions prior to the alleged sale of the beer here complained of, the nightwatchman, a police officer, visited the front room of the place of business, which was a public place where he had a right to be, and was furnished

probable cause for believing that some beverage was being unlawfully sold in the room to the rear, but did not then see any sale made. On the day when the sales involved in this case were alleged to have been made, he went into the restaurant, heard some cans rattled when being pushed against each other in the rear room, and thereupon indicated his purpose to enter that room when the wife of the appellant objected and told him that the back room was a private place. He then went to the rear of the building, got up on the platform of the wash rack at the Pan Am Filling Station, and from this vantage point he looked into the back room through a raised window, and saw persons raising beer cans to their mouths, but did not see any sale made while there. He then went onto the back porch of the building, seated himself by this window, and from that position heard several different persons calling for a can of beer and observed the sales being made. The testimony as to what he saw and heard while seated on this back porch, and having no search warrant for the premises, was objected to as evidence illegally obtained. The objections were overruled, and that action in the trial court is assigned here as error.

The state contends that the testimony was competent both on the ground that he had the right to go onto the porch and even into the back room if he had desired, for the purpose of making an arrest for a misdemeanor being committed in his presence, and for the further reason that he had probable cause to search the premises. But he did not go onto the porch for the purpose of making an arrest, nor did he make one until two days later. He admitted that he went to the rear of the building and onto the porch for the purpose of ascertaining whether a misdemeanor would be committed in his presence. As to whether he had probable cause for believing that beer was being sold is immaterial in this case. The right to make a search for intoxicating liquors on probable cause and without a search warrant is applicable only to the

search of an automobile and the other means of transportation mentioned in Chapter 244, Laws of 1924. Moore v. State, 138 Miss. 116, 103 So. 483.

It is further contended that this back room was also a public place since customers were being served therein and there was a counter or table being used for that purpose. Nevertheless, an entrance had been provided at the front of the building to afford access into both of the rooms, and the officer was not authorized to go onto the back porch over which no invitation was held out to the public for entrance to the building. In other words, he was a trespasser while on this back porch for the purpose he had in mind, and the information gained there was illegally obtained and was inadmissible in evidence.

Reversed and remanded.