STATE for Use of DANIEL *v.* McNEEL, SHERIFF, et al.

May 11, 1953

No. 38733 31 Adv. S. 72 64 So. 2d 636

*Boydstun & Boydstun,* for appellant.

*Livingston & Fair,* for appellees.

ARRINGTON, J.

This suit was brought by the State for the use of E. W. Daniel to recover damages against the appellee, Harry Brantley McNeel, as Sheriff of Winston County, and the United States Fidelity and Guaranty Company as surety on his official bond, because of the alleged wrongful acts of the sheriff in arresting and imprisoning the plaintiff Daniel without a warrant therefor, and at a time when the sheriff was a trespasser on the premises of the plaintiff.

The first count of the declaration charged that the sheriff, on or about November 3, 1951, did unlawfully and without a warrant of any kind enter upon the private property and into the home of the plaintiff and wrongfully arrest him while trespassing upon the plaintiff's premises to find intoxicating liquors. The second count of the declaration charged the sheriff with false imprisonment in that he had placed him in jail without lawful authority. The third count of the declaration charged the sheriff with malicious prosecution, but this count was abandoned by the plaintiff at the trial.

At the close of all of the evidence, the court granted a peremptory instruction in favor of the defendants on count two of the declaration, and the case was submitted to the jury under count one of the declaration which charged a trespass and false arrest.

The case was submitted to the jury under the instructions upon the erroneous theory that if the sheriff had probable cause for entering the home of the plaintiff and acted without malice in doing so, he would not be liable. The plaintiff was entitled to a peremptory instruction on liability, since there is no conflict in the evidence in regard to the sheriff going to his home to find intoxicating liquors without a search warrant and in regard to the sheriff having arrested the plaintiff for an alleged misdemeanor, for which he could in no event be prosecuted, since the same is alleged to have been committed

while the sheriff was unlawfully upon the premises of the plaintiff in search of intoxicating liquors.

It appears that about eight o'clock on the evening of November 3, 1951, the sheriff and his deputy were leaving the court house when they were accosted by one Hardy, who was apparently under the influence of liquor, but who offered his assistance to the sheriff in apprehending liquor in the possession of the plaintiff. The sheriff, observing that Hardy was intoxicated, suggested to him that he go home and return the following Monday. However, this would-be informer insisted that he take the sheriff and his deputy on to a place where they might find intoxicating liquors, but without telling them where he intended to take them. They accompanied Hardy in the sheriff's car, following his directions, then came to the home of the plaintiff Daniels, where they drove onto his private driveway, within eight or ten feet of the residence.

No affidavit for a search warrant had been made and no search warrant had been obtained by the sheriff when the two officers appeared there at the home of the plaintiff, where the officers watched the said Hardy, through a glass door, purchase a can of beer from the plaintiff, which was in a paper sack, the purchase price of which had been paid with money that the sheriff had let Hardy have for that purpose. After the delivery of the beer by the plaintiff to Hardy, the sheriff then went into the house, arrested the plaintiff, and took him to jail, where he was imprisoned for about forty-five minutes before being released on bond.

An officer may search an automobile on probable cause, as provided by law, but ▮▮ ▮ he acts wholly without authority and as a trespasser when he enters upon the lands and into the house of an accused in search of intoxicating liquors without first obtaining a search warrant for that purpose, made pursuant to the affidavit required by law in that behalf.

Moreover, under the authority of Vice v. Holley, 88 Miss. 572, 41 So. 7, the arrest of the plaintiff was improper and unlawful, and amounted to a false arrest, since he had no warrant for that purpose, and the plaintiff had committed no misdemeanor in his presence for which he could be lawfully prosecuted, the evidence as to the possession and sale of the can of beer having been illegally obtained by the unlawful entry of the officers on the premises of the plaintiff for that purpose. Martin v. State, 190 Miss. 898, 2 So. 2d 143.

We have reached the conclusion that the case should be reversed and a judgment rendered here for the appellant on liability, and that the cause should be remanded for the assessment of such actual damages as the plaintiff may have sustained by reason of the unlawful trespass and false arrest.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Holmes,* and *Lotterhos, JJ.,* concur.