RODGERS, Justice.
The appellant, Jack Lyons, was indicted by the Grand Jury of Lee County, Mississippi, for the crime of possession of intoxicating liquors, for a second offense under Mississippi Code Annotated section 2613 (1956). He was tried, convicted and sentenced to serve three months in the county jail and pay a fine of $500. The defendant made a motion for a new trial and when it was overruled, and he was sentenced, he appealed to this Court from the final judgment.
Appellant contends that he was wrongfully convicted for two reasons: (1) His-first trial was void because he had no attorney when he pled guilty, and was not advised that he would be furnished an attorney in the justice of the peace court; and (2)< the officers were wrongfully permitted to-testify about an alleged purchase of intoxicating liquor from him because, at the time of the alleged purchase, they were trespassing upon his property and therefore their testimony was tantamount to an unlawful search of his property.
The record in this case shows that appellant pleaded guilty to a charge of unlawful' possession of intoxicating liquor on June 25, 1964, in the Justice of the Peace Court of Honorable Joe Robbins, District Four of *93 Lee County, Mississippi. The defendant, appellant here, asked the justice of the peace, at the time he was a witness for the State, whether or not the defendant, Jack Lyons, was advised in the justice of the peace court that the State would provide an attorney for him. The justice of the peace did not remember whether or not he had an attorney, but he admitted that he never appointed an attorney to represent persons in his court. He testified that it was not his custom to advise defendants in his court that they were entitled to be represented by-counsel.
In the case of Vincent v. State, 200 Miss. 423, 427, 27 So.2d 556 (1946), this Court pointed out that “(T)he issue as to the first conviction is not whether appellant was therein properly convicted but whether as an affirmative matter he was finally convicted * *
Where a judgment in a criminal case has been properly entered upon the minutes of the trial court, it imports verity, and it cannot be collaterally attacked in another proceeding for alleged errors and irregularities. Hill v. United States, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936); Re Eckart, 166 U.S. 481, 17 S.Ct. 638, 41 L.Ed. 1085 (1897); Mitchell v. Miss., 179 Miss. 814, 176 So. 743, 121 A.L.R. 258 (1937). However, this rule does not mean that there is no post-conviction remedy by direct attack in this State, but it does mean that the judgment in a criminal case cannot be collaterally attacked unless it is void. Moreover, there is no testimony in the record now before the Court that the defendant was an indigent at the time he was first tried for possessing intoxicating liquor, nor does the record show that the defendant did not have an attorney. It does show that the defendant entered a plea of guilty to the charge in the first case before the justice of the peace, from which no appeal was taken. We hold, therefore, that the objection by the appellant, Jack Lyons, that the first judgment in the justice of the peace court was void is not sustained by the facts in the record, and that the trial court properly overruled the objection to the indictment and to the evidence introduced by the prosecution with reference to the first case.
The State, after having properly shown that there was a previous conviction of the defendant on the charge of possessing intoxicating liquors, produced two witnesses, a constable and a local citizen, who testified that they purchased intoxicating liquor from the defendant after his previous conviction in the justice of the peace court. They testified that one night about 8:30 they drove an automobile into a circular driveway leading up to a house in which the defendant was staying. When they reached a point in front of the house, they stopped the automobile and the defendant came out to the automobile and asked them what he could do for them. They inquired of the defendant the name of the brands of whiskey he had, and after the defendant had named several brands one of the witnesses ordered a half-pint of “Yellowstone.” The defendant left and returned with the half-pint of “Yellowstone” whiskey. The witnesses paid the defendant and left. They marked the whiskey and identified it at the trial. Several witnesses testified that the half-circle driveway leading by the house where the defendant stayed was well lighted at night and that many persons were seen to enter the driveway and stop in front of the house where paper bags were delivered to them.
The facts and circumstances in the record in this case show that all and sundry who wanted to do business with the defendant were impliedly invited to approach the house on the driveway to a point where the defendant met them to ascertain what he could do for them. We are of the opinion that the constable and his companion did not make a search of the property of defendant under the circumstances here shown.
The objection to the testimony of the constable and his companion is based upon the contention (1) that the purchase was an illegal search in violation of defendant’s *94 constitutional right of privacy under Amendment IV to the Constitution of the United States, and Article 3, section 23, of the Constitution of the State of Mississippi; and (2) that the testimony was, in effect, a method of requiring the defendant to testify against himself in violation of his rights under Amendment V of the Constitution of the United States and Article 3, section 26, of the Constitution of the State of Mississippi. In support of this contention, appellant has cited the cases of State for Use of Daniel v. McNeel, 217 Miss. 573, 64 So.2d 636 (1953); and Martin v. State, 190 Miss. 898, 2 So.2d 143 (1941).
The cases of Daniel and Martin, supra, are not authority in the case now before the Court because in the instant case the record shows that the defendant himself met the witnesses and sold them a half-pint of whiskey. He made no objection to the presence of the witnesses, but as was said by one of the witnesses “(H)e seemed to be glad to see us * * The officer made no search of the property or effects of the defendant.
 We are also of the opinion that the objection made to the testimony of the •constable and his companion by the defendant, upon the ground that the purchase of •one-half pint of Yellowstone whiskey was in effect requiring the defendant to testify against himself in violation of defendant’s constitutional rights, is not tenable. We liave pointed out heretofore that there is no essential connection between an illegal search — where the alleged illegality of the search consists solely in the want of a valid search warrant — and statements freely and voluntarily made to the officers, even during the search. One is not required to make •a statement in the presence of an officer; he may remain silent, or he may make statements against his interest, but if he makes a statement against his interest freely and voluntarily, the officer may testify as to what he said. West v. State, 42 So.2d 751 (Miss.1949); Ross v. State, 185 Miss. 378, 189 So. 526 (1939); Quan v. State, 185 Miss. 513, 188 So. 568 (1939).
We conclude that the objections made to the indictment and to the testimony introduced by the prosecution upon the ground that the indictment and the testimony violated the constitutional rights of the defendant were properly rejected by the trial court. We therefore hold that the judgment of the trial court should be, and is, hereby affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, SMITPI and ROBERTSON, JJ., concur.