**Vincent WINFIELD, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

No. 73 Civ. 4085.

United States District Court,
S. D. New York.

March 11, 1977.

Ronald Gene Wohl, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., New York City, for United States by Pamela V. Davis, Asst. U. S. Atty., New York City, of counsel.

W. Bernard Richland, Corp. Counsel, New York City, for defendant Gribben by William J. Walls, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

On September 28, 1972, Vincent Winfield went to work as usual as a plumber's helper at City College of the City of New York. At about 11 o'clock in the morning, Winfield, dressed in the khaki uniform required by his employer, walked towards Amsterdam Avenue and 140th Street on the grounds of City College. A friend stopped him and the two chatted for a few minutes. Suddenly, two men came up to Winfield, displayed a police badge, shoved him up against an iron fence, and put a gun to his head. He was searched and his identification was removed. He was informed that he was under arrest, was handcuffed, and was placed in the back of a Volkswagen parked across the street. The two officers addressed Winfield by a name other than his own. Winfield insisted that he was not the individual they had named and, despite his inquiries, he was not given the reason for his arrest, At about 11:20 a. m., Winfield arrived at the Federal Office Building at 26 Federal Plaza, and was taken to a place which he described as a "plush office" with a "thick rug." He testified that he was interrogated by eight or nine agents. He was told by the agents that he was arrested pursuant to a federal warrant. Winfield was handcuffed during much of the period of interrogation, but he testified that he was never physically hurt.

Around 1:30 or 2:00 p. m., he was taken before an Assistant United States Attorney. Winfield told him that he was not the individual they sought. It was immediately arranged to have the plaintiff brought to the Bureau of Criminal Identification, a few blocks away, for a fingerprint check. He was thereafter returned to 26 Federal Plaza.

At this point, it was realized that a mistake had taken place and that Mr. Winfield was not in fact the individual sought. The plaintiff was driven by the arresting officers back to City College Campus at 3:30 p. m., thus ending plaintiff's unfortunate ordeal.

The parties have stipulated that the arresting officers were New York City Police Officers, that the arrest was made pursuant to a federal warrant, and that the basis for the arrest was photographic identification.

At trial Mr. Winfield testified that after the federal and state police officials acknowledged the mistake, they showed him a photograph of the individual sought. Winfield testified that at the time he was shown the photo he told the officers that "It resembled me." That photograph has been received into evidence (Court's Exhibit A), and it is apparent to me that there is a strong resemblance between Mr. Winfield and the individual for whom the warrant was issued.

The complaint names as defendants the United States of America, "John" Gribben, an agent of the United States Bureau of Narcotics and Dangerous Drugs ("BNDD") and "John Doe," an agent of the BNDD. The parties have stipulated that no agents of the federal government participated in the arrest. The United States, will, therefore, be dismissed as a party to this action.

James Gribben, a New York City Police Officer, has appeared by attorney and has interposed an answer to the complaint. He did not testify at trial and no proof was introduced on his behalf. His answer raises two defenses: first, that the action is barred by the statute of limitations; and, second, that any actions he took were in good faith and in the course of his duties as a New York City Police Officer.

■ The answer alleges that the action is barred by the one year statute of limitations. This assertion is erroneous in fact and in law. The operative facts all occurred on September 28, 1972, and the action was commenced on September 25, 1973. In any event, it is settled that the three year statute of limitations provided in N.Y. CPLR § 214(2) controls actions brought under 42 U.S.C. § 1983. *See Kaiser v. Cahn,* 510 F.2d 282 (2d Cir. 1974).

■ In order to recover under Section 1983 of Title 42, plaintiff must establish that he was deprived "of any rights, privileges, or immunities secured by the Constitution and laws" and that the deprivation occurred "under color of" state law. It is unnecessary for the plaintiff to establish an ulterior or improper motive. *Cf. Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). But since Section 1983 is to be read in the context of common law tort liability, the defenses of good faith and probable cause are available to the officer. *Pierson v. Ray,* 386 U.S. 547, 555–57, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

■ Although no issue has been raised as to the color of state law requirement, I will examine it since it is a prerequisite to subject matter jurisdiction. While the warrant pursuant to which the plaintiff was arrested is federal process, it was executed by Officer Gribben as a New York City Police Officer. There is no suggestion that federal officials instructed Gribben on the manner of execution. Gribben's answer acknowledges that whatever actions he took were "in the performance of his duties as a police officer of the Police Department of the City of New York." I find that the "color of law" requirement is satisfied.

■ If there is probable cause to make an arrest and the arresting officer acts in good faith, then he is immune from civil liability even if the person arrested is ultimately found to be innocent of any wrongdoing. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Here the officers presumably had probable cause to arrest the correct person as evidenced by the warrant. Instead of arresting the person named in the warrant, they arrested the plaintiff. The proof demonstrates that the sole basis for the officers' belief that plaintiff was the person named in the warrant was the photograph. There is no indication that the person they intended to arrest had any unique physical characteristics in common with the plaintiff such as a scar, limp, speech impediment, or needle marks. The plaintiff was not found in a general location where the officers had reason to believe the individual they sought to arrest might frequent.

■ At the time the officers observed Winfield, he was on duty as an employee of City College and was wearing a khaki uniform displaying the name of the institution. There is nothing in the record before me which would indicate that the officers feared that Winfield, or whoever they thought he was, might flee from the location where he was observed. Nevertheless, he was not placed under surveillance and his identity was not checked with City College. Although no proof was introduced that the individual sought was known to be armed or otherwise dangerous, Winfield was asked no questions prior to his arrest.

I must conclude that James Gribben arrested Vincent Winfield without a good faith belief that probable cause existed for Winfield's arrest.

Civil liability for false arrest where, because of physical resemblance, the officer mistakenly believed he was arresting the correct person, is not a new concept. *See Holmes v. Blyer,* 80 Iowa 365, 45 N.W. 756 (1890).

■ In light of the brief period of detention, the treatment accorded while detained, and the lack of proof of any special dam-

ages, the sum of $1,500 is awarded to the plaintiff.

Plaintiff is directed to settle a judgment on five days notice.