**WAMPLER v. HILL, Warden.**

No. 74.

District Court, M. D. Pennsylvania.

July 31, 1935.

Thomas M. Wampler, of Lewisburg, Pa., in pro. per.

Bernard J. Flynn, U. S. Atty., of Baltimore. Md., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for defendant.

WATSON, District Judge.

The petitioner, Thomas M. Wampler, was tried and convicted upon an indictment in the United States District Court for the District of Maryland, for a violation of Income Tax Laws (Revenue Act 1928, § 146, USCA tit. 26, § 2146). The sentence of the court was: "That the traverser pay a fine of Five thousand dollars and be imprisoned in the United States Northeastern Penitentiary at Lewisburg, Pennsylvania, for Eighteen months on each count of the Indictment; said terms of imprisonment to be computed as beginning this 28th day of December, 1933; the fines to be cumulative and the terms of imprisonment to run concurrently; and that the traverser pay the costs of prosecution." In the commitment, which was issued, the clerk included in the judgment the following: "and in default of payment of said fines and costs, he stand further committed until the payment of said fines and costs, or until discharged by due process of law." The term of imprisonment specified in the judgment was duly served by the petitioner, and expired on the 14th day of July, 1935.

On July 23, 1935, an application was filed by the petitioner for a writ of habeas corpus to be directed to Henry C. Hill, warden of the United States Northeastern Penitentiary. The writ was issued and ordered returnable July 26, 1935. On the return day, the attorney for the United States appeared and filed a motion to dismiss on the ground that the petitioner was attempting to use the writ of habeas corpus as a substitute for a writ of error, and for other reasons. At the same time, the United States attorney filed a statement with the court requesting that the motion to dismiss be treated also as an answer without prejudice to the motion to dismiss. As, in my opinion, the motion to dismiss is without merit, I shall proceed immediately to consider on merits.

As already noted, the judgment contained no direction for further imprisonment on account of the fine. The clerk inserted in the commitment the clause, "and in default of payment of said fines and costs, he stand further committed until the payment of said fines and costs, or until discharged by due process of law."

It has been held that, under section 1041, Revised Statutes of the United States (18 USCA § 569), it is discretionary with the court to order, or not to order, a defendant imprisoned in case of his failure to pay a fine, and that, when the court does not order such imprisonment, that part of the commitment referring to further commitment until the payment of the fine is void. Boyd v. Archer, 42 F.(2d) 43, 70 A. L. R. 1507 (C. C. A. 9th Circuit); Wagner et al. v. U. S. (C. C. A.) 3 F.(2d) 864. In Ex parte Jackson, 96 U. S. 727, 737, 24 L. Ed. 877, the court in the opinion said: "The commitment of the petitioner to the county jail, until his fine was paid, was within the discretion of the court under the statute." The United States attorney contends that the petitioner is imprisoned and detained by authority of the commitment, which was legally issued. A prisoner is detained, not by virtue of the warrant of the commitment, but on account of the judgment and sentence. The commitment is predicated upon the judgment, and must be in substantial accord therewith. It cannot contradict the judgment. In Re Biddle, Warden, v. Shirley (C. C. A.) 16 F.(2d) 566, 567, it was said: "The mittimus after conviction in criminal cases is a final process for carrying into effect the judgment of the court. Scott v. Spiegel, 67 Conn. 349, 35 A. 262; Taintor v. Taylor, 36 Conn. 242, 4 Am. Rep. 58; People v. Moore, 3 Park. Cr. R. (N. Y.) 465. The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence. Howard v. U. S. (C. C. A. 6) 75 F. 986, 989, 34 L. R. A. 509; People ex rel. Trainor v. Baker, 89 N. Y. 460. The mittimus is predicated upon the judgment of conviction and must be in substantial accord therewith. Ex parte Cloy, 4 Porto Rico, 20; 16 C. J. § 3122, p. 1328. It, of course, cannot vary or contradict the judgment upon which it is based."

The judgment clearly undertook to impose a fine, but it did not direct that the defendant be imprisoned until payment of the fine. No authority has been called to my attention, and after diligent search I have not been able to find one,

which holds that a defendant shall be imprisoned in case of his failure to pay a fine where the court has not so ordered in the sentence.