## HILL, WARDEN, *v.* UNITED STATES EX REL. WAMPLER.

No. 847. Argued May 4, 1936.—Decided May 18, 1936.

*Mr. Gordon Dean* argued the cause and *Solicitor General Reed, Assistant Attorney General McMahon,* and *Mr. William W. Barron* filed a brief, for Hill, Warden.

*Mr. Robert E. Lynch* for Wampler.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

By an indictment in two counts the relator Wampler was charged with an attempt to evade and defeat the payment of his income tax under the laws of the United States through the filing in the years 1930 and 1931 of false and fraudulent returns. He was convicted in the United States District Court for the District of Maryland. On December 28, 1933, the judgment of the court was pronounced as follows: "Fine five thousand dollars and eighteen months in penitentiary on each count of the indictment, said terms of imprisonment to be computed as beginning this 28th day of December 1933; fines to be cumulative and terms of imprisonment to run concurrently and that traverser pay costs of proceedings." On the same day the clerk of the court issued and forwarded to the United States Northeastern Penitentiary at Lewisburg, Pennsylvania, a commitment in which the judgment was set out as follows: "That the traverser pay a fine of Five Thousand Dollars and be imprisoned in the United States Northeastern Penitentiary at Lewis-

burg, Pennsylvania, for eighteen months on each count of the indictment; said term of imprisonment to be computed as beginning this 28th day of December 1933; the fines to be cumulative and the terms of imprisonment to run concurrently; and that the traverser pay the costs of prosecution; and in default of payment of said fines and costs, he stand further committed until the payment of said fines and costs or until discharged by due process of law."

On April 21, 1935, when the term of eighteen months was approaching an end, Wampler filed in the United States District Court for the District of Maryland a petition directed to the judge of that court in which he alleged that the court had not adjudged or ordered that he was to stand committed until the payment of the fine and costs; that this provision had been inserted in the commitment by the clerk; and that it was no part of the sentence. He prayed for an order amending the commitment by striking therefrom the words so added.

On April 25, 1935 the petition for amendment was denied, the judge filing an opinion in which he pointed out that Maryland is a common law state; that the practice in the state courts is not to include in the judgment of the court the express direction that the defendant stand committed until the fines are paid; that it has always been the practice in the District Court for the District of Maryland to follow the procedure in the state court, but that the clerk of the court has instructions from the court to include in the commitment the express provision that the defendant stand committed until the fines are paid, unless otherwise directed.[1] There was no appeal from that decision.

On July 23, 1935, the relator filed in the United States District Court for the Middle District of Pennsylvania a petition for a writ of habeas corpus alleging that the

[1] See 10 F. Supp. 609, 611.

proper term of his imprisonment had expired and that his detention had become unlawful. The petition was granted, and the relator discharged. 11 F. Supp. 540. The warden of the penitentiary appealed to the Circuit Court of Appeals for the Third Circuit. That court after certifying the facts substantially as summarized above, requested our instructions upon the following questions (Judicial Code, § 239; 28 U. S. C. § 346):

"1. Was the provision in the commitment for imprisonment for nonpayment of fine and costs which was inserted by the Clerk but not included in the sentence orally pronounced by the judge, (a) void? or (b) merely irregular?

"2. Was the determination of the District Court on the petition to correct the commitment, a final judgment conclusive on the issue as to the validity of such commitment until reversed by appropriate proceedings for review?

"3. Will habeas corpus lie in one court to correct the commitment of another court which certainly, definitely, and specifically directs the imprisonment of relator for nonpayment of fine and costs on the ground that such provision was inserted by the Clerk, but was not the sentence orally pronounced by the Court?"

The payment of a fine imposed by a court of the United States in a criminal prosecution may be enforced by execution against property in like manner as in civil cases. R. S. § 1041; 18 U. S. C. § 569. In the discretion of the court the judgment may direct also that the defendant shall be imprisoned until the fine is paid. *Ibid.;* and see R. S. § 1042; 18 U. S. C. § 641; *Ex parte Jackson,* 96 U. S. 727, 737; *Ex parte Barclay,* 153 Fed. 669; *Haddox'* v. *Richardson,* 168 Fed. 635, 639. If the direction for imprisonment is omitted, the remedy by execution is exclusive. Imprisonment does not follow automatically upon a showing of default in payment. It follows, if at all,

because the consequence has been prescribed in the imposition of the sentence. The choice of pains and penalties, when choice is committed to the discretion of the court, is part of the judicial function. This being so, it must have expression in the sentence, and the sentence is the judgment. *Miller* v. *Aderhold,* 288 U. S. 206, 210; *Wagner v. United States,* 3 F. (2d) 864; *State* v. *Vaughan,* 71 Conn. 457, 458; 42 Atl. 640; *Manke* v. *People,* 74 N. Y. 415, 424.

Two of the questions certified to us, the first question and the third, make mention of a variance between the commitment and the sentence "orally pronounced." If that were the only variance, we should deem it unimportant. The only sentence known to the law is the sentence or judgment entered upon the records of the court. *Miller* v. *Aderhold, supra; Wagner* v. *United States, supra; Manke* v. *People, supra.* If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. *People ex rel. Trainor* v. *Baker,* 89 N. Y. 460, 466. But the judgment imports verity when collaterally assailed. *Ibid.* Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.

The questions are to be read, however, in the light of the preliminary statement certifying the facts out of which the questions have arisen. Rule 37; *Stratton's Independence* v. *Howbert,* 231 U. S. 399, 422; *Dillon* v. *Strathearn S. S. Co.,* 248 U. S. 182, 184. From that certificate it is clear that the sentence spread upon the records is identical with the sentence orally pronounced and that the only variance complained of is between sentence and commitment.[2] In such circumstances the

---

[2] In *United States* v. *Wampler,* 10 F. Supp. 609, 611, the court said: "The judgment as entered on the docket by the clerk recites

word "orally" in questions 1 and 3 may be disregarded as superfluous, and the answers to the questions made as we would make them if the word had been omitted.

A warrant of commitment departing in matter of substance from the judgment back of it is void. *Boyd* v. *Archer,* 42 F. (2d) 43; *Wagner* v. *United States, supra.* Being void and not merely irregular, its nullity may be established upon a writ of habeas corpus. *People ex rel. Trainor* v. *Baker, supra; Boyd* v. *Archer, supra; McNally* v. *Hill,* 293 U. S. 131. "The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence." *Biddle* v. *Shirley,* 16 F. (2d) 566, 567; *Howard* v. *United States,* 75 Fed. 986, 989; *Ex parte Wilson,* 114 U. S. 417, 422; *People ex rel. Trainor* v. *Baker, supra.* If the judgment and sentence do not authorize his detention, no "mittimus" will avail to make detention lawful.

The argument is made that there is a practice in the Maryland District to make the commitment broader than the judgment, and that the practice should be given the quality of law. There is no such overriding virtue in usage or tradition. The court speaks through its judgment, and not through any other medium. It is not within the power of a judge by instructions to a clerk to make some other medium the authentic organ of his will. We are told that the instructions may be likened to a rule of court. They were not published; they were not reduced to writing; they are lacking in the formal safeguards that protect against mistake and perhaps against oppression. Cf. *Rio Grande Irrigation Co.* v. *Gildersleeve,* 174 U. S. 603, 608; *Weil* v. *Neary,* 278 U. S.

---

the term of imprisonment and the amount of the fine or fines, as announced in the sentence but does not recite the commitment in default of payment of the fine. This has been the long established practice, and was followed in this particular case."

160, 169. There are times when settled usage is as efficacious as a written rule to fix the forms of practice. *United States v. Stevenson,* Fed. Cas. No. 16,395; *Norton v. Rich,* Fed. Cas. No. 10,352; *Detroit Heating & Lighting Co. v. Kemp,* 182 Fed. 847. A court will be cautious in applying such a doctrine where liberty is at stake. But here the traditional instructions have a defect more deep-seated than the absence of a writing. Taken at their face value, they fall short of the effect imputed to them. They do not profess to regulate the form or content of the sentence, which is to be recorded by the clerk without addition or amendment. They are aimed at the commitment, at that and nothing else, imparting to it a capacity, a superseding virtue, unknown to the law. Something more is needed than a few words of unrecorded talk between a judge and a prothonotary to compass that result.

The refusal to modify the warrant of commitment is not a bar to the relief now prayed by the relator. Finality within the doctrine of *res judicata* does not attach to every ruling upon law made by a judge upon the decision of a motion. *Denny v. Bennett,* 128 U. S. 489, 499; *Riggs v. Pursell,* 74 N. Y. 370, 378; cf. *American Surety Co. v. Baldwin,* 287 U. S. 156, 166. This is true though the ruling may have been pertinent or even necessary to the conclusion reached. In such circumstances finality will rarely be extended beyond the terms of the order, and applied to the supporting reasons. There is nothing in this case to call for a departure from the general rule.

A warrant of commitment spends its force, it fulfills what is at least its primary purpose, upon delivery of the prisoner at the place of his imprisonment. When "a prisoner is safely in the proper custody, there is no office for a *mittimus* to perform." *People ex rel. Trainor v. Baker, supra; Howard v. United States, supra.* Even

after such delivery, the warrant is convenient evidence for the protection of the jailer, but it may be lost or destroyed, and detention may be justified by the underlying judgment. *Ibid.;* and see *Ex parte Wilson, supra.* The effect of an order refusing an amendment is to be adjudged with due regard to the character and office of the thing to be amended. At the time of that order the relator was lawfully imprisoned, the term of eighteen months being still unexpired. At the time of this petition the term was at an end, and imprisonment from then on had been turned into a wrong. The commitment was neither better nor worse because of the ruling of the judge that he would let it stand as written. If void, it was still void; if valid, it had received no accession of validity. What was said by the judge in the course of his opinion may be significant as a precedent; it is ineffective as a bar. The writ of habeas corpus searches the record back of the commitment. It lays a duty on the court to explore the foundations, and pronounce them false or true.

We answer the questions submitted to us as follows, interpreting them, however, as explained in the opinion:

To the first question we say that the provision is void.

To the second question we answer "no," and to the third question "yes."

*Ordered accordingly.*