### BARDWELL v. HIATT, Warden, United States Penitentiary, Lewisburg, Pa.

### No. 141.

District Court, M. D. Pennsylvania.

Aug. 11, 1943.

914

No appearance entered by counsel. Petitioner represented himself.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

Walter A. Bardwell, Jr., a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, is now serving concurrent sentences imposed upon him upon pleas of guilty to two indictments which were returned against him in the Western District of South Carolina. He has filed his application for a writ of habeas corpus alleging that one accused of crime cannot waive his constitutional right to a trial by jury; that he was not represented by counsel and that a Special Agent of the Federal Bureau of Investigation had promised him "that if he would enter a plea of guilty there would not be any sentence to a penitentiary, but that the indictment would be dismissed in open court". A rule to show cause issued and after response filed, a hearing was had at which petitioner was present and testified and on behalf of the Government a Special Agent of the Federal Bureau of Investigation, alleged by the petitioner to have made promises, also appeared and testified.

As to the petitioner's first contention, it is true of course that one accused of crimes such as those involved in these proceedings has a constitutional right to a trial by jury; but this truism has no application where, as in this case, there is a voluntary plea of guilty. Patton v. United States, 281 U.S. 276 at page 305, 56 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

As to his second contention, an examination of the records of the trial court shows that the court advised the defendant that under the constitution he was entitled to have an attorney without cost to him and that the court would appoint an attorney if he so desired, that the defendant stated to the court that he understood the nature of the charges against him and that he did desire to enter a plea of guilty and waived his right to have an attorney, and the trial court found, as a matter of law and fact, that the defendant had intelligently and competently waived his right to have an attorney. The record further shows that the petitioner thereupon, in open court, entered a plea of guilty as to each indictment. This record of the trial court cannot be collaterally attacked. Hill, Warden, v. United States ex rel. Thomas M. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283.

The remaining contention of the petitioner is quite evidently an attempt to invoke the decision of the Supreme Court in the case of Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859, as to alleged promises made to induce the entry of a plea of guilty. The burden of establishing such an invasion of his constitutional rights rests in the first instance with the petitioner. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759.

Aside, however, from the question as to the burden of proof, petitioner's sole testimony consisted of his own oral statement, and upon all of the facts established and evidence adduced at this hearing there can be no question but that the defendant's plea was one voluntarily entered and this court finds as a fact that the pleas of guilty entered by the petitioner were not so entered by reason of any promises or inducements of any kind.

Now therefore this 11th day of August, 1943, it is ordered that the petition for a writ of habeas corpus, and the writ issued thereon are dismissed, and the rule to show cause granted thereon is discharged.