**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Lee PINKERTON, Defendant–**
**Appellant.**

**No. 00–50103.**
**D.C. No. CR–77–00104–TJH.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2001*.

Decided July 9, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

### MEMORANDUM[**]

James Lee Pinkerton appeals pro se the denial of his motion under Rule 36 of the Federal Rules of Criminal Procedure to correct a clerical error in his judgment and commitment order, issued after Pinkerton's conviction of five counts of mail-related crimes, including the murder of a United States Postal employee and the robbery of other postal employees, in violation of Title 18 of the United States Code. Pinkerton was sentenced to life, two concurrent twenty-five-year sentences, one concurrent five-year sentence, and one consecutive twenty-five year sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ In his motion, Pinkerton claims the portion of the written judgment and commitment order providing for a consecutive sentence contradicts the district court's alleged oral pronouncement that all sentences were to run concurrently with each other. We review the grant or denial of a Rule 36 motion for clear error. *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir.1984). Pinkerton failed to produce any evidence of his alleged discrepancy between the oral sentencing pronouncement and the written judgment. Our search of the record reveals none. We therefore have no basis to conclude that the district court clearly erred in denying Pinkerton's Rule 36 motion. *See Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283 (1936) (explaining, "[i]n any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge")

AFFIRMED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.