**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0421n.06

**No. 10-5181**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 28, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| KEITH HAMILTON HARTMAN, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE:    COOK, McKEAGUE, GRIFFIN, Circuit Judges.

**McKeague, Circuit Judge.**  Keith Hamilton Hartman was convicted of one count each of receipt, distribution, and possession of child pornography, and sentenced to 292 months' imprisonment, to run consecutively with a twenty-five year state sentence in Kentucky.  Hartman now appeals his sentence, arguing (1) that the district court erred when it ordered his federal sentence run consecutively rather than concurrently with his state sentence and (2) that the district court relied on an erroneous fact in its written statement of reasons, rendering his sentence unreasonable.  For the reasons that follow, we VACATE Hartman's sentence and REMAND for resentencing.

**I. BACKGROUND**

In March 2009, Hartman was indicted on one count each of receipt, distribution, and possession of child pornography, all in violation of 18 U.S.C. § 2252A.  The presentence report ("PSR") established the following facts.  In June 2007, a student at Western Kentucky University

was searching for music to download when he came across a file belonging to another student. When the student opened the file, he found that it "contained images of young, nude or seminude children." The student contacted the university police and informed them of the images he had discovered and that the file containing the images was attached to a file that originated from "Keith's LimeWire." It was determined that this file belonged to the defendant Hartman, also a student at Western Kentucky University.

A search warrant was obtained for Hartman's dormitory room. When officers advised Hartman of the warrant, he "blurted out that they should just arrest him now because there were things on his computer that should not be there." Hartman admitted that he was in possession of and had viewed child pornography, but he claimed to be "unaware he had been advertising his collection of videos for file sharing purposes." Officers seized Hartman's laptop, CDs, DVDs, and other items from his room, and on August 7, 2007, he was arrested.

After Hartman's arrest, officers were informed that Hartman's ex-wife had reported that her daughter, adopted by her and Hartman when they were married, had alleged that Hartman had molested her. The child also stated that it had occurred for years, including the time during which Hartman was living in the dormitory. It was also revealed by Hartman during the investigation that he had taken nude pictures of the child. As a result, Hartman was charged with multiple counts of sodomy, rape, and incest in Kentucky state court, and after pleading guilty to all counts, was sentenced to twenty-five years in prison on August 27, 2008.

In October 2009, Hartman entered a plea of guilty, without a plea agreement, in the United States District Court for the Western District of Kentucky to Counts 1, 2, and 3 of the indictment.

Following the change of plea hearing, a PSR was completed. The PSR determined that under the 2009 U.S. Sentencing Guidelines Manual ("USSG"), Hartman's total offense level was 39 and, as a result of his state court conviction, his criminal history category was II. Accordingly, his resulting Guidelines range was 292 to 365 months.

At Hartman's sentencing hearing, his counsel and the government both stated that there were no objections to the PSR. The court found the PSR to be accurate and concluded that the total offense level was 39 and Hartman's criminal history category was II; neither party expressed any objections to the final calculation.[1] However, Hartman's counsel did request that the court run Hartman's sentence either completely or partially concurrent with his state sentence of twenty-five years. Hartman's counsel argued that Hartman "has an illness, so he's being punished for this illness," and that twenty-five years was "an awful lot of time in state court." The government, while not taking a position on whether the sentence should run concurrently or consecutively, requested that the court sentence Hartman in the middle of the Guidelines range, which was 328 months. The government argued that "the nature of the distribution . . . was particularly egregious" due to Hartman's distribution of child pornography images over the Western Kentucky computer network and that Hartman's case was "particularly disturbing because of the history and characteristics of Mr. Hartman," who had "a pattern of sexually abusing a child," specifically his adopted daughter, for

---

[1]Hartman's counsel did argue that Hartman's state court offense did not qualify as a prior offense, pursuant to 18 U.S.C. § 3559(e). The government argued that the correct statute was actually 18 U.S.C. § 2252A, which would have imposed a mandatory minimum of fifteen years. Although the court agreed with the government, both parties acknowledged that for the purpose of sentencing, this determination ultimately was of no consequence because the established Guidelines range was higher than the mandatory minimum.

four years. The government also mentioned that Hartman had admitted to taking nude photographs of his daughter, but that the government "was unable to develop the evidence to prove a production charge." The government explained that Hartman was accountable for 4,479 images, which was "far in excess of the maximum of 600 under the guidelines," thus making a mid-range sentence appropriate.

Following the parties' arguments, the district court stated that, "having considered the advisory guidelines and 18 [U.S.C. §] 3553(a)," it would impose a sentence of "292 months as to each of Counts 1 and 2 in the indictment" and 240 months as to Count 3, which would run concurrently with the 292-month sentence, for a total aggregate sentence of 292 months. However, the court ordered that the term of imprisonment would run consecutively with Hartman's state sentence. The court again stated that it had considered 18 U.S.C. § 3553(a) and the advisory Guidelines range, and that it believed the sentence, which fell within the Guidelines range, was "reasonable" and was "sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2) and satisfies the statutory provisions."[2] The court also stated that although the government sought a mid-range penalty, the court chose the low range sentence and ran it consecutively because in doing so, the "penalty is high" to account for the high number of images Hartman possessed. The court explained:

---

[2]The court also stated that the sentence would "conform[] with the plea agreement," however, there was no plea agreement in this case. Hartman does not raise any argument with regard to this statement in his opening brief on appeal, therefore, any such argument is waived. *See American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004).

> Once [the images] get on a computer, they start proliferating. And there are always more than you think they should be. So I think this is in accord with like sentences with like number of images, and I think he's been penalized extra because of his—he's already been convicted of this horrible conduct in state court.

The court then asked whether there were "any objections to the sentence pronounced or special conditions imposed . . . not previously [] raised" by the government or Hartman. Hartman's counsel confirmed that the sentences for Counts 1 and 2 would run concurrently with the sentence for Count 3, and that the federal sentence would run consecutively with the state sentence. Hartman's counsel then stated that she understood that the state and federal terms would be consecutive, noting it was "over [Hartman's] objection, of course," but made no specific objections to the sentence. The court entered judgment on February 19, 2009, and Hartman filed a timely notice of appeal.

## II. ANALYSIS

### A. Imposition of a Consecutive Sentence Under USSG § 5G1.3

On appeal, Hartman first argues that the district court abused its discretion by running his federal sentence consecutive to his state sentence, rendering his sentence both procedurally and substantively unreasonable. Hartman asserts that the district court failed to properly consider USSG § 5G1.3(c) and the factors listed in 18 U.S.C. § 3553(a) when deciding whether to impose a consecutive or concurrent sentence. Although this court typically reviews a sentence for abuse of discretion, because Hartman failed make this objection "with enough specificity, a plain error

standard of review applies."[3] *United States v. Harmon*, 607 F.3d 233, 236–37 (6th Cir. 2010). "Under plain-error review, relief is granted only under 'exceptional circumstances,'" such that to obtain relief, Hartman must show "(1) error (2) that was 'obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Houston*, 529 F.3d 743, 750 (6th Cir. 2008) (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008)).

Under 18 U.S.C. § 3584, "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." 18 U.S.C. § 3584(a). In considering whether to impose a concurrent or consecutive sentence, the district court, "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)," 18 U.S.C. § 3584(b), which includes "any pertinent policy statement" issued by the Sentencing Commission, 18 U.S.C. § 3553(a)(5). Such a policy statement is found in § 5G1.3(c) of the Sentencing Guidelines, which states that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Further guidance is provided in the application notes, which explain that the court should consider the following factors:

---

[3]Although Hartman originally argued in his brief on appeal that the abuse of discretion standard applied, in his reply brief Hartman conceded that the plain error standard applied.

(i) The factors set forth in 18 U.S.C. 3584 (referencing 18 U.S.C. 3553(a));

(ii) The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii) The time served on the undischarged sentence and the time likely to be served before release;

(iv) The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v) Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

USSG § 5G1.3(c) cmt. n.3(A).

Hartman argues that district court provided a "cryptic explanation of the reasons for imposing a consecutive sentence" that did "not comport with 18 U.S.C. § 3584(b) and USSG § 5G1.3(c)." Hartman also argues that the court's reference to § 3553(a) was "cursory" and that the explanation provided did "not adequately set forth the rationale under which it imposed the consecutive sentence." He further asserts that the factors that were cited by the district court were already "included in the sentencing calculus before the court had to decide whether to impose" a consecutive sentence, and were also "common in child pornography cases," and so could not serve as the basis for ordering Hartman's sentence to run consecutively.

Whether the district court imposes a sentence consecutively or concurrently is a matter of the court's discretion. *See United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011). "However, this is

'not unfettered discretion,' and 'the record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence.'" *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (quoting *United States v. Covert,* 117 F.3d 940, 945 (6th Cir. 1997)). However, the court need not explicitly reference the 5G1.3 factors or the provision itself, provided the record shows that the court considered this Guidelines provision. *See Hall*, 632 F.3d at 335–36 (noting that the district court need not reference 5G1.3 expressly if there is "other evidence in the record that it considered the section"); *Harmon*, 607 F.3d at 239 (explaining that "[a]lthough the record on appeal should show that the district court turned its attention to U.S.S.G. § 5G1.3, it need not explicitly reference the § 5G1.3 considerations if the record shows that it considered this Guideline" (internal quotation marks and citation omitted)). Thus, there is no error where "the totality of the record makes clear that the district court properly turned its attention to § 5G1.3(c) and the relevant commentary before imposing a consecutive sentence," *Covert*, 117 F.3d at 946, even if the reference is "brief" and the explanation is "somewhat cursory," *United States v. Watford*, 468 F.3d 891, 916–17 (6th Cir. 2006).

At the sentencing hearing, the district court adopted the PSR without change, which cited § 5G1.3 and expressly stated that the court could order Hartman's sentence to run consecutively, concurrently, or partially concurrently. Additionally, Hartman's counsel sought a concurrent or partially concurrent sentence, yet the court chose to impose a consecutive sentence, indicating awareness of the possible options under 5G1.3(c). Thus, although not referenced explicitly by the

court at the sentencing hearing, the record demonstrates that the court was aware of the relevant

Guidelines provision.[4]

Moreover, although the court did not expressly reference the factors in 5G1.3 or § 3553(a),

it did appear to consider those factors. The court recognized that Hartman's undischarged sentence

was imposed in state, rather then federal court; that the state sentence was to run for a period of

twenty-five years (as well as being informed, through the PSR, when Hartman had been sentenced

and how much time he had already served on that state sentence); and the conduct for which

Hartman was convicted in state court. *See* USSG § 5G1.3 cmt. n. 3(A). The court made clear that

while it was imposing a sentence at the low end of the Guidelines range, it was doing so in

conjunction with ordering the sentence to run consecutively with the state sentence, so as to provide

just punishment for a serious offense. *See* 18 U.S.C. §§ 3553(a)(2)(A), (a)(4). The court specifically

explained that because the number of images attributed to Hartman was high, the punishment was

correspondingly high. The court also recognized that it could have ordered Hartman's federal

sentences to run consecutively to one another, but believed that running them concurrently would

provide for a reasonable sentence that was "sufficient but not greater than necessary" to comply with

§ 3553(a). Additionally, the court stated that the sentence was "in accord with like sentences with

like number of images," thus properly considering "the need to avoid unwarranted sentence

disparities." *Id.* at § 3553(a)(6). Accordingly, we conclude that although "the district court did not

---

[4]Although the PSR cites to § 5G1.3(b), rather than subsection (c), it properly quotes the relevant language from subsection (c). The court also expressly referenced § 3553(a) multiple times during the hearing, as noted above.

mention § 5G1.3 specifically, in light of its entire explanation, it is evident that the district court

considered § 5G1.3(c) and adequately explained its reasons for applying it when sentencing"

Hartman. *Hall*, 632 F.3d at 336 (reviewing for plain error); *see also United States v. Berry*, 565 F.3d

332, 342–43 (6th Cir. 2009) (finding that the district court did not abuse its discretion in imposing

a consecutive sentence where the court did not explicitly reference the § 5G1.3 considerations but

did discuss the relevant factors in making this determination); *Watford*, 468 F.3d at 917 ("The

District Court's reasoning for imposing a consecutive sentence, while somewhat cursory, does not

constitute an abuse of discretion. From the record, it is clear that the District Court considered the

recommendations of the Guidelines and the pertinent policy statement."). Thus, the district court

did not commit plain error when it ordered Hartman's federal sentence to run consecutively with his

state sentence.[5]

**B. Inclusion of an Erroneous Fact in the Written Statement of Reasons**

Hartman also argues that the district court erred when it improperly relied on an unproven

fact in its statement of reasons for imposing Hartman's sentence. Specifically, in the written

statement of reasons, the district court wrote:

> The defendant is currently serving a 25-year state sentence of imprisonment for
> sexual contact offenses. Some of the pictures distributed in this case involved the
> child he abused in the state case. Therefore, a sentence at the low end of the
> applicable guideline range, to run consecutively to the state sentence the defendant
> is currently serving, appears sufficient, but not greater than necessary in this case.

---

[5]Hartman also asserts that, for the same reasons set forth above, imposition of a consecutive sentence was substantively unreasonable because the district court failed to consider the relevant § 3553(a) factors and failed to provide an adequate explanation of those factors. However, for the reasons already stated, Hartman's claim is without merit.

Hartman argues that although he admitted to having photographed his daughter in the nude, there was no evidence that these photographs were ever distributed, so the district court's reliance on this as a factor in its sentencing decision constituted procedural error. In his reply brief, he further asserts that the district court's reference was not simply a mistake or clerical error, but rather "a finding of fact that played a significant role in the court's sentencing decision."

Hartman is correct that selecting a sentence based on clearly erroneous facts would amount to procedural error. *See United States v. Grams*, 566 F.3d 683, 685 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38 (2007)). It is also true that "if there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls." *United States v. Cofield*, 233 F.3d 405, 406–07 (6th Cir. 2000); *see also United States v. Schultz,* 855 F.2d 1217, 1225 (6th Cir. 1988) (explaining that there is a "long line of cases that hold that when an oral sentence conflicts with the written sentence, the oral sentence controls") (citing *Hill v. United States ex rel. Wampler,* 298 U.S. 460 (1936)). Nonetheless, while the court provided its reasoning for imposition of the sentence at Hartman's sentencing hearing, the sole reason detailed in the written statement of reasons (Hartman's alleged distribution of nude photographs of his daughter) was not actually addressed by the district court at the hearing. Although the government explained that a distribution charge could not be sustained on the basis of the evidence it possessed, the district court did not acknowledge this point nor did it expressly reject this fact in sentencing Hartman. As a result, we are unable to conclusively determine whether or to what extent the district court relied on this erroneous fact in sentencing Hartman. Therefore, we must remand this case to the district court for resentencing.

### III. CONCLUSION

For the above reasons, we VACATE Hartman's sentence and REMAND for resentencing.