**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW BECKSTRAND, | No. 12-17318 |
| Plaintiff - Appellee, | D.C. No. 1:11-cv-00597-SOM-BMK |
| v. | |
| THOMAS READ; NETTIE SIMMONS, | MEMORANDUM* |
| Defendants - Appellants, | |
| and | |
| DOES 1 - 10, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 19, 2014
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants Thomas Read and Nettie Simmons ("Read and Simmons") appeal the denial of qualified immunity on Plaintiff-Appellee Matthew Beckstrand's ("Beckstrand") 42 U.S.C. § 1983 action. Under 28 U.S.C. § 1291, we have jurisdiction to review only the qualified immunity issue.[1] Viewing any disputed material facts in the light most favorable to Beckstrand and reviewing the district court's legal conclusions de novo, we reverse.

Beckstrand brought this Section 1983 action asserting his post-conviction overdetention violated the Fourth and Eighth Amendments and the Due Process Clause of the Fourteenth Amendment. The district court granted Read and Simmons summary judgment on the Eighth and Fourteenth Amendment claims on statute of limitations grounds, but denied summary judgment on the Fourth Amendment claim on qualified immunity grounds. We discuss only the Fourth Amendment claim.

The two-pronged qualified immunity inquiry asks (1) whether "the officer's conduct violated a constitutional right" and (2) whether "the right was clearly established" at the time of the alleged misconduct. *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)). We may

---

[1] *Liberal v. Estrada*, 632 F.3d 1064, 1073-74 (9th Cir. 2011) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

begin our analysis with either prong. *Pearson*, 555 U.S. at 236. "The plaintiff bears the burden to show that the contours of the right were clearly established" at the time of the alleged misconduct. *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011).

We begin with the second *Saucier* prong. Beckstrand has not cited a single case in support of the proposition that post-conviction overdetention may violate the Fourth Amendment. While our cases provide some support for a due process or Eighth Amendment right against overdetention, *see, e.g.*, *Haygood v. Younger*, 769 F.2d 1350 (9th Cir 1985) (en banc), they do not speak to any analogous Fourth Amendment right. *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001), does mention an arguably relevant Fourth Amendment right, but only in the context of an initial arrest by police. The facts in *Lee* are thus materially distinguishable from the lengthy post-conviction detention at issue here, meaning *Lee* could not have put Read and Simmons on notice that their actions would constitute a Fourth Amendment violation. Similarly, the case upon which the district court relied, *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), is not sufficiently grounded in the Fourth Amendment such that Read and Simmons would have been on notice as to the potential Fourth Amendment violation.

Beckstrand has failed to show he had a clearly established Fourth Amendment right against overdetention. Accordingly, we reverse the district court on the Fourth Amendment claim and remand with instructions to grant summary judgment to Read and Simmons.[2]

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

---

[2] We have jurisdiction to address only the qualified immunity issue on the Fourth Amendment claim, and our instructions are limited to that claim. Because the district court has not yet entered final judgment on the Eighth and Fourteenth Amendment claims (and we do not know if Beckstrand will appeal that judgment), we make clear our holding does not establish law of the case with respect to the Eighth and Fourteenth Amendment claims.