26.283-02

Daniel L. Silva #563183
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas 77515

September 22, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 28 2015

Abel Acosta, Clerk

The Court of Criminal Appeals
District Clerk; Able Acosta
Supreme Court Bldg
201 W. 14th Rm 106
Austin, Texas78701-1445

RE: EX PARTE DANIEL LOPEZ SILVA, WRIT NO. 1990-CR-3489-WE.

Dear Mr. Acosta;
    Please find enclosed my objections to the Trial Court's Order. Please
file theseiobjections in the above numbered cause, and present them to your
court for their ruling at their earliest convenienve. I want to thank you for
your time and professional assistanerin advance.



                                    Respectfully requested,

                                    Daniel L. Silva

NO. 1990-CR-3489-WE

EX PARTE                              §      THE COURT

                                      §      OF CRIMINAL APPEALS

DANILE LOPEZ SILVA                     §      AUSTIN, TEXAS 78711

**APPLICANTS OBJECTIONS THE THE TRIAL COURT'S ORDER**

TO THE HONORABLE JUSTICES OF SAID COURT:

**COMES NOW**, DANIEL LOPEZ SILVA, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

The 187th District Court of Bexar County, Texas issued an order in which he correctly identified the two issues and legal theories Applicant is presenting in his writ.

1). That the Texas Board of Pardons and Parole (BPP) violated his 14th amendment right by changing and altering the sentence without jurisdiction or authority. Specifically, Applicant alleges that he was sencenced to 25 years and the sentence was fully discharged day of day on April 3, 2015. The BPP changed and altered Applicant's maximum discharged date to March 31, 2019.

2). That the BPP are falsely imprisoning Applicant in violation of the 14th Amendment by keeping him imprisioned past his maximum discharged date imposed by the trial court.

Next the trial court's order correctly stated that the decision on these issues are purely a question of law. Furthermore, the trial court correctly identified the controlling Supreme Court decision. Therefore, the trial court's order is simply a matter of the trial court mis-applying the law to the facts and relying upon a statue that is unconstitutional as applied to Applicant's facts. Which illegally denies Applicant the minimum protection as decided by the U.S. Supreme Court.

1

## II.

The U.S. Supreme Court correctly decided in Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed.2d 1283 (1936) that an employee of the **executive branch** can not change the judgment of the trial court and that if they do the change is **VOID.** Texas Courts have agreed that they are bound by Supreme Court decisions. Also that they represent the minimum protection States **must afford there citizens.** Highwarden v. State, 846 S.W.2d 479,4881 (Tex.App.-Houston [14th Dist.] 1993) The order relies upon TEX.GOV.CODE §508.283(b) as providing the EXECTIVE BRANCH the authority to change and alter this judicial judgment thereby denying Applicant the minimum protection afforded by the U.S. Supreme Court. Therefore, this statue is unconstitutional as applied to Applicant's facts. John K. Harrison Holdings, LLC v. Strauss, 221 S.W.3d 785,788 (Tex.App.-Beaumont 2007).

The federal court have conclusively ruled that a state court decision that decided that an employee of the executive branch had the authority to change and alter a judicial judgment is in conflict with the decision of the U.S. Supreme Court. Early v. Murry, 451 F.3d 71,74-75 (2nd Cir. 2006):

> "Seventy years ago the Supreme Court established that the sentence **imposed by the sentencing judge is controlling;** it is this sentence that constitutes the court's judgment and authorizes the costody of a defendant. Hill v. United States ex rel. Wampler,, 289 U.S. 460, 56 S.Ct. 760, 80 L.2d 1283 (1936)...'The only sentence known to the law is the sentence or judgment entered upon the records of the court...Until corrected in a direct proceeding it says what it was meant to say, and this is an irrebuttable presumption.'...The only sentence cognizable is the one imposed by the judge. Any alteration to that sentence, unless made by the judge in a subsequent proceeding is of no effect.'[a]s in Wampler, an erroneous order of commitment prepared by the clerk of court with the court's knowledge cannot alter the sentence imposed by the court, then plainly a later addition to the sentence by an **employee of the executive branch cannot do it. ONLY** THE JUDGMENT OF THE COURT as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty."

The Supreme Court unambiguously ruled that the change and alteration by the BPP is void and because Applicant has already fully discharged the sentence

2

imposed by the trial court he is now illegally conined. Id. at 74-75. Because the trial court's order is in conflict with the minimum protection provided by the U.S. Supreme Court the order should be overruled and Applicant's writ should be granted. Then this Honorable Court should issue an order that Applicant be immediately be released.

Respectfully submitted,

Daniel Lopez Silva #563183
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I, Hereby certify a copy of these objections has been sent to all parties addressed to: Court of Criminal Appeals, Austin, Texas 78711; Nicholas "Nico" La Hood, Criminal District Attorney, Cadena-Reeves Justice Center, Bexar County, Texas 78205; Donna Kay McKinney, Bexar County District Clerk; 101 W. Nueva, Suite 217, San Antonio, Texas 78205. By placing a true and correct copy in the U.S.Mail postage prepaid on this 22nd day of September, 2015.

Daniel Lopez Silva