J-A14029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RONALD E. HOOVER, JR. | |
| Appellant | No. 1954 MDA 2015 |

Appeal from the Judgment of Sentence October 9, 2015
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000001-2015

BEFORE:  BOWES, OTT AND PLATT,* JJ.

DISSENTING MEMORANDUM BY BOWES, J.:          **FILED OCTOBER 04, 2016**

My learned colleagues conclude that a criminal sentence simply does not exist until it is reduced to writing and docketed.  I respectfully disagree.

The facts are straightforward.  Appellant appeared before the trial judge on October 5, 2015 for sentencing following an earlier guilty plea, and received a sentence announced in open court of twelve to thirty months of incarceration.  However, the judge erroneously determined that Appellant was not eligible for the Recidivism Risk Reduction Incentive ("RRRI") program, 61 Pa.C.S. §§ 4501-4512.  The RRRI statute offers, as an incentive for completion of the program, an opportunity for eligible offenders to be considered for parole at the expiration of their RRRI minimum sentence. The RRRI minimum is equal to three-fourths of the minimum sentence

_____

* Retired Senior Judge assigned to the Superior Court.

imposed when the minimum sentence, as herein, is three years or less.  61 Pa.C.S. § 4505(c).

After sentencing, the judge realized that Appellant was, in fact, entitled to an RRRI minimum.  Thus, the sentence was clearly illegal.  "It is legal error to fail to impose a RRRI minimum on an eligible offender. Separate from legal error . . . it is an illegal sentence to fail to impose a RRRI minimum, which is subject to *sua sponte* correction." **Commonwealth v. Tobin**, 89 A.3d 663, 670 (Pa.Super. 2014).

The trial judge, acting *sua sponte*, attempted to fix the error by convening the parties for a re-sentencing on October 9, 2015.  At the time of this proceeding, the oral sentence of October 5, 2015 had yet to be reduced to writing.  The judge vacated the original sentence, imposed a new sentence of fifteen to thirty months, and applied the RRRI minimum to the newly-imposed fifteen month period of incarceration.[1]  The Commonwealth never requested an increase in the minimum imposed, and the trial court offered no rationale for its alteration.

_____

[1] The Commonwealth misses the point when it highlights that the October 9, 2015 RRRI minimum is less than the minimum imposed on October 5, 2015. An RRRI minimum sentence does not guarantee parole at that date, and therefore, Appellant could end up serving a longer minimum sentence.  In any event, Appellant's entire argument is that the RRRI minimum should be applied to the twelve-month period of incarceration, which would reduce his RRRI minimum even further.

According to the majority, the October 5, 2015 sentence simply did not exist, and the judge was free to impose any sentence he saw fit on October 9, 2015. I believe that a sentence was imposed on October 5, 2015. In my view, the only error the trial court could lawfully correct was the failure to apply the RRRI minimum to the sentence imposed on October 5, 2015.

The majority maintains that the trial court was not vacating an existing sentence on October 9, 2015, but rather imposing a sentence in the first instance. "Hoover was not resentenced on October 9, 2015, never having been formally sentenced prior to that date." Majority memorandum at 6. Certain statements in the memorandum, however, belie this position. It states, "A pre-sentence report was provided to the trial judge prior to the October 5, 2015 **sentencing hearing**." Majority memorandum at 2 (emphasis added). It also concedes that the October 9, 2015 hearing was a second proceeding. "On October 9, 2015, the trial court held **another** sentencing hearing[.]" Majority memorandum at 1-2 (emphasis added). These entirely accurate descriptions notwithstanding, the majority states that the October 5, 2015 sentence was a mere proposal:

> The trial court noted that while it stated that the October 9, 2015 hearing was for re-sentencing Hoover, "re-sentencing" was a misnomer. The October 5, 2015 proposed sentence, which itself was based upon the false premise that Hoover was not RRRI eligible, was never reduced to writing nor entered on the docket.

Majority memorandum at 6.

This conclusion contradicts *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa.Super. 2004). In *Green*, this Court had to determine whether a post-sentence motion was timely filed when it was filed ten days after the sentence was reduced to writing in a sentencing order, but more than ten days after its announcement in open court. *Green* determined the oral sentencing date controlled, and the motion was therefore untimely.

> [We] conclude that for purposes of Pa.R.Crim.P. 720(A)(1), regardless of the date the sentence was entered on the docket, a written post-sentence motion must be filed no later than 10 days after the date of imposition of sentence. If for some reason, the sentence was not entered on the docket the day the sentence was imposed, a defendant who wishes to file a post-sentence motion must still do so no later than 10 days after the date of imposition of sentence. This interpretation comports with the plain language of Pa.R.Crim.P. 720(A)(1).

*Id*. at 617.

Appellant was obligated, under *Green*, to file any post-sentence motion challenging his sentence within ten days of October 5, 2015. Obviously, then, the sentence existed as a matter of law upon its oral pronouncement. But if we refuse to apply the logic of *Green* to this case, the October 5, 2015 sentence simultaneously did **not** exist as a matter of law. To quote the majority, the October 5, 2015 sentence was merely a proposed sentence. Majority memorandum at 6. However: "It is implausible to argue that the date on which the trial court pronounces the sentence is not the date on which sentence is imposed." *Green*, *supra* at 619.

The majority's analysis rests on law holding that a defendant's sentence is that which is reduced to a written order when the sentence conflicts with that imposed at the sentencing hearing. "The only sentence known to the law is the sentence or judgement entered upon the records the court." Majority memorandum at 6, n.6 (quoting *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1935)). All this principle stands for is that, when a court is called upon to resolve an alleged discrepancy between a written and oral sentence, the written sentence of record controls. In other words, the written order is the authority regarding the components of the sentence. This principle does not indicate that a sentence imposed in open court does not exist. Consider the entire context of the above-cited quote:

> Two of the questions certified to us, the first question and the third, make mention of a variance between the commitment and the sentence 'orally pronounced.' If that were the only variance, we should deem it unimportant. The only sentence known to the law is the sentence or judgment entered upon the records of the court. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. But the judgment imports verity when collaterally assailed. Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.

*Hill*, *supra* at 464. The reference to collateral inquiry makes plain that we will not look at two different sentences, oral versus written, to ascertain the terms of the sentence. This point of law therefore only dictates the manner

in which we determine what the sentence **is**. It does not govern how we determine when the sentence came into existence.

Appellant was sentenced on October 5, 2015, as a matter of public record and common sense. The court could not thereafter impose a higher minimum sentence on its own initiative. In my view, the only *sua sponte* action the court could take was an application of the RRRI minimum sentence to the previously-imposed sentence. Where an appeal is not pending, a court may "modify or rescind any order within 30 days after its entry[.]" 42 Pa.C.S. § 5505. Since no appeal was taken from this order as of October 9, 2015, the trial court had the power to modify its order. This, however, does not answer the question of whether the trial court could, completely of its own accord, thereafter increase the imposed sentence to account for the RRRI reduction. While I agree with the majority that Appellant's precise claim is somewhat unclear, it is readily apparent that Appellant is arguing the court was permitted to correct only its failure to impose an RRRI reduction to the sentence imposed on October 5, 2015.

**Commonwealth v. Holmes**, 933 A.2d 57 (Pa. 2007), provides some support for this position. In **Holmes**, our Supreme Court considered the interaction between 42 Pa.C.S. § 5505 and the long-standing, inherent power of courts to correct patent errors in orders when a court lacks jurisdiction under the statute (*i.e.*, the thirty day period has expired or an appeal has been taken). Therein, the Court held that a trial court could

correct a patently illegal sentence even if it lacks jurisdiction under 42 Pa.C.S. § 5505:

> Although the defendants before this court warrant relief under the inherent power of courts to correct patent errors, we must also emphasize the limits of this power. This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors. Moreover, the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. **A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient.**

*Id*. at 67 (emphasis added).   While *Holmes* was discussing situations in which a sentence may be corrected outside the 42 Pa.C.S. § 5505 window, and is thus referring to a limitation on the power to correct patent errors, I discern no reason why the court should be permitted to revisit, on its own initiative, its own exercise of sentencing discretion.   The trial judge clearly believed, at the time of sentencing on October 5, 2015, that twelve months was a sufficient minimum sentence.   The trial court lacked authority to *sua sponte* modify the previously-imposed minimum, and hence, the sentence is illegal and should be vacated.

In this respect, I note that Appellant lodged a challenge to both the legality and the discretionary aspects of his sentence.   As I have discussed, in my view this appeal involves two sentences: The first sentence, on October 5, 2015, which was illegal due to the failure to apply a RRRI

minimum, and the second sentence, on October 9, 2015, which in my view was illegal in that the trial judge exceeded the bounds of the Section 5505 power. However, assuming *arguendo* that the court could lawfully vacate the entire sentence under Section 5505, I would find in the alternative that the trial court abused its discretion in increasing the minimum. In **Commonwealth v. Robinson**, 931 A.2d 15 (Pa.Super. 2007) (*en banc*), we held that a challenge to an increase in a sentence, imposed upon remand for resentencing, implicates the discretionary aspects of the sentence:

> Here, Appellant's claim is one of vindictiveness. In light of recent *en banc* case law, such a claim must be viewed as one implicating the discretionary aspects of the sentence. Appellant's claim does not fall within the "narrow class of cases" described above; he is not claiming that the sentence fell outside of the parameters prescribed by a statute, or that the claim implicates double jeopardy or **Apprendi** principles. More generally, he is not arguing that the trial court lacked the legal authority/jurisdiction to impose a sentence of that length or type. Instead, Appellant is essentially claiming that the court exercised its **discretion** in a way that is harsh, unreasonable, and motivated by impermissible factors such as personal animus or revenge. These are the very hallmarks of a claim that implicates the discretionary aspects of a sentence. *. . .*
>
> We recognize that a claim of vindictiveness implicates due process concerns. **Commonwealth v. Speight**, 578 Pa. 520, 854 A.2d 450, 455 (2004), *citing* **Pearce***,* 395 U.S. at 725, 89 S.Ct. 2072; **see also McHale***,* 2007 PA Super 131, ¶ 14, 924 A.2d 664. In **Speight***,* our Supreme Court reasoned that a sentencing court may not punish a defendant for exercising his constitutional rights, or chill the exercise of those rights by resentencing a defendant vindictively. **Id.** at 455.

*Id*. at 22.[2]  The right to an RRRI sentence is obviously not of constitutional dimension, but there is a plausible argument that the trial judge vindictively increased the sentence based on Appellant's statutory right to an RRRI minimum.  By narrowly viewing this claim as implicating the legality of the October 9, 2015 sentence—the only sentence that exists in the majority's view—the majority commits further error by failing to address Appellant's discretionary aspects of sentencing claim.  Since I would grant relief on other grounds, I need not reach this question.

I would hold that the trial court lacked legal authority to *sua sponte* do anything other than apply the RRRI minimum to the minimum sentence imposed on October 5, 2015.  Hence, Appellant is serving an illegal sentence and is entitled to relief.  I respectfully dissent.

---

[2]  Appellant does not raise any claim that an increase in his minimum sentence violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution or discuss any expectation of finality in his sentence.